Becknell *et al. v.* Becknell.

No. 12,539.

## BECKNELL ET AL. *v.* BECKNELL.

JUDGMENT.—*Debt of Record.—Action Upon.—Execution.*—A judgment is a debt of record, and, whether foreign or domestic, an action may be maintained thereon in any court of competent jurisdiction for the recovery of such debt, even where it appears that collection could be enforced by execution.

SAME.—*Pleading.— Written Instrument.—Copy.—Record.*—A judgment is not a written instrument within the meaning of section 362, R. S. 1881, and the filing of a copy thereof with a pleading will not make it a part of the record.

SAME.— *Attachment.— Garnishment.— Injunction.— Fraudulent Conveyance.—Action Relating to Real Estate.— Venue.— Jurisdiction.*—A suit may be maintained in the circuit court of one county, upon a judgment rendered therein, to restrain the judgment debtor from disposing of securities taken upon a sale of land situate in another county, and to obtain an order against the purchaser, summoned as garnishee, requiring him to pay into court an amount sufficient to satisfy the judgment, although the complaint incidentally alleges that the conveyance was made to defraud the plaintiff, and to hinder and delay the collection of the judgment.

SAME.— *Promissory Note.—Endorsement.—Consideration.— Good Faith.—Answer.*—An answer by the judgment debtor, that he had sold and transferred by endorsement, in good faith, all of the notes before the filing of the complaint and the granting of the restraining order, but not showing any consideration, or that any purchaser had become the holder in good faith, without notice and for value, is bad.

SAME.—*Bad Complaint.—Reversal of Judgment.—Supreme Court.*—Where the judgment against a defendant to an action rests upon an affidavit in garnishment and his answer as garnishee, and not upon the averments of the complaint, the judgment will not be reversed merely because the complaint, to which he did not demur, stated no cause of action against him.

SAME.—*Interlocutory Order.—Motion to Dissolve Restraining Order.—Appeal.*—Where there is no appeal from an interlocutory order overruling a motion to dissolve a temporary restraining order, but the cause in which such order is made is tried upon its merits, and a final judgment rendered from which an appeal is taken, the ruling on the motion to dissolve, even if erroneous, is not available for the reversal of the judgment.

ATTACHMENT.—*Non-Residence of Garnishee.—Pleading.*—An answer in abatement by a defendant summoned as a garnishee, alleging his residence in another county, but not showing that the attachment defendant has not been personally served with process, or that no property has been

attached in the county where the action is brought, or that no resident garnishee, who is indebted to the attachment defendant or has property in his hands subject to the attachment, has been summoned, is bad on demurrer.

SUPREME COURT.—*Sufficiency of Complaint.—Joint Assignment of Error.*— Where a complaint states a cause of action against one of two appellants, a joint assignment of error in the Supreme Court, challenging the sufficiency of the complaint, is not available to the other appellant.

SAME.—*Judgment.—Objections to.*—Objections to the form or substance of a judgment can not be made for the first time in the Supreme Court.

SAME.—*Presumptions.—Affirmative Showing of Error.*—Every reasonable presumption is indulged in favor of the finding and judgment of the trial court, and unless the record on appeal excludes such presumptions, and affirmatively shows the existence of material error, the judgment will be affirmed.

PLEADING.—*Argumentative Denial.— Harmless Error.*— Where a general denial is pleaded, the sustaining of a demurrer to another paragraph of answer, which is in effect only an argumentative denial, is at most only a harmless error.

From the Marshall Circuit Court.

*J. D. McLaren, L. M. Lauer* and *E. C. Martindale,* for appellants.

*S. J. North, M. A. O. Packard* and *O. M. Packard,* for appellee.

HOWK, J.—This was a suit by appellee against appellants, Henry and James M. Becknell, in a verified complaint of one paragraph.

The object of the suit, as shown by appellee's prayer for relief, was (1) to obtain an order of court enjoining appellant Henry Becknell from selling, assigning, transferring, or in any manner disposing of certain notes and a mortgage, described in the complaint herein, or any other property of any kind belonging to him, " until the final hearing and disposition of this cause," and (2) to obtain a further order requiring appellant James M. Becknell, who was alleged to be indebted to appellant Henry, to answer as to such indebtedness, and to pay into court, of the sums first due from him to appellant Henry, an amount sufficient to satisfy appellee's judgment and costs, described in her complaint herein.

A temporary restraining order was granted, and upon the final hearing of the cause decrees and orders were made and entered by the court, substantially in accordance with the prayer of appellee's complaint.

Errors are assigned here by the appellants separately, which call in question (1) the jurisdiction of the court below of the subject-matter of this action, and (2) the sufficiency of the facts stated in the complaint to constitute a cause of action.

On the 16th day of April, 1885, appellee filed her complaint in this cause, in the Marshall Circuit Court, against the appellants, Henry and James M. Becknell, wherein she alleged that on the 20th day of March, 1885, she recovered in such court a judgment against appellant Henry Becknell, for the sum of $800 for her alimony, in an action then and there pending, wherein she was plaintiff and appellant Henry was defendant, which said judgment and the costs of such suit, which she also recovered, remained in full force and wholly unpaid, and had not been replevied, nor had any appeal been taken therefrom. A copy of such judgment was filed with, and made a part of, such complaint.

And the appellee averred that, immediately after the rendition of such judgment for alimony in said cause, appellant Henry Becknell entered into a fraudulent arrangement and purpose to cheat, hinder and delay appellee in the collection of her said judgment for alimony in said cause; and in disobedience and contempt of the order and decree of such court, that he should pay her such sum of $800 and costs, that he fraudulently, corruptly and wrongfully, with such fraudulent intent of preventing appellee from collecting such judgment, transferred a large tract of land and farm, particularly described, owned by him and of the value of $8,000, in Kosciusko county, Indiana, to his co-appellant, James M. Becknell, who was his son, and took from the latter a mortgage to himself on the same real estate to secure the payment of six $1,000 notes, executed by his son and payable to himself at the "State Bank" at Warsaw and due at different dates in

the future, extending over a long period of time, the first one being due six months after date ; and that the conveyance of such real estate to James M. Becknell was executed on the 28th day of March, 1885, and such mortgage and notes were of the same date; that, to more effectually and securely accomplish the fraudulent purpose aforesaid, appellant Henry Becknell took with him to the city of Warsaw, in Kosciusko county, John D. McLaren, Esq., his attorney in the defence of appellee's suit for divorce and alimony, to transact the business of placing his said real estate, in the way it was done, beyond the reach of appellee's said judgment; and that when they had accomplished the transfers aforesaid, they openly boasted of the fraud, and said that appellee could then "whistle for her judgment;" and that appellant James M. Becknell had full knowledge of appellee's judgment, and of the orders of such court that appellant Henry should pay appellee such sum of $800, at the time he took the conveyance of such real estate, and took such conveyance with full knowledge of the fraudulent intent of appellant Henry in executing to him such conveyance.

Appellee further alleged, that appellant Henry Becknell had no other real estate, in this State or elsewhere, so far as she was informed and believed, except the tract of land in Kosciusko county, so conveyed by him to his co-appellant, James M. Becknell; nor had appellant Henry any other property of any kind, subject to execution, out of which appellee's judgment, or any part thereof, could be collected ; that, unless appellee could obtain and hold some lien and claim upon the proceeds of such real estate, so conveyed by appellant Henry to his co-appellant, James M. Becknell, she would be wholly remediless to secure the payment of her said judgment, or any part thereof, and the purpose to defraud her, entered into by the appellants, Henry and James M. Becknell, would be consummated ; that appellant Henry had boasted to his friends that, as soon as he could make such fraudulent conveyance and obtain the notes aforesaid, payable

in bank, he intended to negotiate such notes and invest the proceeds thereof in government bonds, which would put them and all his property beyond the reach of appellee's judgment, or of any execution that might be issued thereon; that appellee had just learned of such fraudulent transfer and of the other circumstances aforesaid, connected therewith, and she had brought this suit to secure her rights, at the earliest possible moment; and that, unless appellant Henry were immediately enjoined by the court from transferring such notes and mortgage, appellee would be without remedy or power to collect her said judgment, or any part thereof. Wherefore, etc.

The several matters and things, stated in the foregoing complaint, were verified by the affidavit of S. J. North, Esq., on behalf of appellee.

Appellant Henry Becknell separately demurred to appellee's complaint herein, for the following grounds of objection: 1. The court below had no jurisdiction of the subject of the action; and 2. Appellee's complaint herein does not state facts sufficient to constitute a cause of action. This demurrer was overruled by the court, and such ruling is assigned here as error. Appellants jointly assigned here, as error, " that the appellee's complaint does not state facts sufficient to constitute a cause of action against them." Considering these two errors in the order of their statement, the first question for our decision may be thus stated: Did the court below err in overruling the separate demurrer of appellant Henry Becknell to appellee's verified complaint herein, for either of the causes specified in such demurrer? In other words, was it apparent on the face of such complaint, that the facts stated therein were not sufficient to constitute a cause of action? Or, if such facts were sufficient, was it apparent from such complaint that the court below had no jurisdiction of the subject of the action?

We are of opinion that the facts stated in appellee's complaint were abundantly sufficient to constitute a cause of

action against appellant Henry Becknell, and he alone demurred to such complaint. The cause of action, which appellee declared upon, was a judgment for alimony and costs that, before the commencement of this suit, and by the consideration of the court below, she had recovered against appellant Henry Becknell, which judgment, she averred, remained in full force and wholly unpaid, and had not been replevied, nor had any appeal been taken therefrom. A judgment is a "debt of record," and, whether foreign or domestic, an action may be maintained thereon for the recovery of such debt, even where it might appear that the collection thereof could be enforced by execution issued thereon out of the proper court. The owner of a judgment may enforce its collection by the process of the court wherein it was rendered; or he may, if he so elect, use his judgment as a cause of action, and bring suit thereon in the same court or any court of competent jurisdiction, and prosecute such suit to final judgment. *Gould* v. *Hayden*, 63 Ind. 443; *Palmer* v. *Glover*, 73 Ind. 529; *Campbell* v. *Martin*, 87 Ind. 577.

But it is claimed that the complaint was bad, on the demurrer of Henry Becknell thereto, because it appeared that the debt of record, which was the foundation of appellee's action, was not due and payable when this suit was commenced. It is said by appellants' counsel, in argument, that appellee's judgment for alimony, which was the basis of her complaint herein, "was to be paid in sixty days from March 18th, 1885, and these proceedings by attachment, etc., were commenced April 16th, 1885, less than thirty days after the rendition of appellee's judgment." It was not alleged in appellee's complaint, however, that her judgment for alimony was to be paid in sixty days from March 18th, 1885; and, therefore, the objection to the complaint, that the judgment for alimony declared upon therein was not due and payable, when this suit was commenced, was not presented by the demurrer of Henry Becknell to such complaint. Perhaps,

appellants' counsel have made this objection to the suffi-
ciency of appellee's complaint, upon the supposition that
the judgment for alimony was made a part of such com-
plaint, because it was stated therein that a copy of such
judgment was therewith filed and made part thereof.  Our
civil code provides that, when a pleading is founded on a
written instrument, the original or a copy thereof must be
filed with the pleading, and "shall be taken as part of the
record."  Section 362, R. S. 1881.  In construing these
provisions of the code, we have uniformly held that a judg-
ment was not a written instrument, within the meaning of
the statute, and that the filing of a copy thereof with a plead-
ing would not make the judgment a "part of the record."
*Wilson* v. *Vance,* 55 Ind. 584; *Ryan* v. *Curran,* 64 Ind. 345
(31 Am. R. 123) ; *City of Logansport* v. *LaRose,* 99 Ind. 117.

Appellant Henry Becknell also assigned as cause of de-
murrer to appellee's complaint herein, that the court had no
jurisdiction of the subject of the action.  It is clear, we
think, that this cause of demurrer is not well assigned.  The
court below is a court of general jurisdiction.  In no man-
ner has its jurisdiction of the persons of each and both of
the appellants been questioned or doubted.  Appellants'
counsel very earnestly insist, however, that, upon the facts
stated in appellee's complaint herein, the Kosciusko Circuit
Court had and has exclusive original jurisdiction of her cause
of action against the appellants.  This claim of counsel is
founded upon the averments of the complaint to the effect
that appellant Henry Becknell, with the fraudulent intent
and purpose of cheating, hindering and delaying appellee in
the collection of her judgment for alimony, had fraudulently,
corruptly and wrongfully conveyed and transferred to his son
and co-appellant, James M. Becknell, a large tract of land
and farm, owned by him and of the value of $8,000, in Kos-
ciusko county.

It is claimed that, under the provisions of section 307, R.
S. 1881, the action was local, and ought to have been brought

in the circuit court of Kosciusko county, wherein were situate the tract of land and farm described in the complaint. It is apparent, however, from the entire complaint and from the relief demanded therein, that the appellee did not seek to avoid or set aside Henry Becknell's conveyance of his land and farm to his son, James M. Becknell, or to determine the right or interest of either of such parties in such real estate to be other or different from that stated in her complaint herein, of mortgagor and mortgagee. We conclude, therefore, that the court below did not err in overruling the separate demurrer of Henry Becknell to appellee's complaint, for either of the causes assigned in such demurrer.

This conclusion practically disposes of the joint assignment of error, by Henry and James M. Becknell, heretofore mentioned in this opinion, whereby they jointly challenged here, for the first time, the sufficiency of the facts stated in appellee's complaint herein to constitute a cause of action against them. From what we have already said, in considering the error assigned by Henry Becknell upon the overruling of his separate demurrer to appellee's complaint, it is very clear, as it seems to us, that the joint assignment of error by both appellants, challenging here for the first time, as it does, the sufficiency of the facts stated in such complaint to constitute a cause of action, is not well assigned by, and can not be sustained as to, appellant Henry Becknell. For if, as we have held, appellee's complaint stated sufficient facts to withstand the demurrer of Henry Becknell thereto, for the alleged want of facts, *a fortiori* it must be held that, as to him, the complaint states a good cause of action when, after verdict and judgment thereon, the sufficiency of the facts therein stated is called in question for the first time by the assignment here of the error which we are now considering. This assignment of error reads as follows: "And the said appellants jointly say, that the appellee's complaint does not

state facts sufficient to constitute a cause of action against them."

Under this assignment, it is manifest that, if appellee's complaint states a good cause of action against one only of the appellants, and is clearly insufficient as to the other appellant, the error is not well assigned, and will not authorize the reversal of the judgment below, as to either or both of the appellants. *Campbell* v. *Martin, supra.* As to appellant Henry Becknell, appellee's complaint stated facts sufficient to constitute a cause of action; and this being so, the joint assignment of error, by him and his co-appellant, predicated upon the alleged insufficiency of the facts stated in the complaint to constitute a cause of action against them jointly, does not present, nor require us to decide, the question whether the complaint does, or does not, state a cause of action against James M. Becknell.

This question is presented, however, by James M. Becknell's separate assignment of error here, " that the appellee's complaint does not state facts sufficient to constitute a cause of action against him." As against James M. Becknell, appellee's complaint is, without doubt, vicious pleading, and is not to be approved or commended; indeed, if he had demurred to appellee's complaint at the proper time, upon the *fifth* statutory ground, that it did not state facts sufficient to constitute a cause of action against him, it would have been error in the court below, as it seems to us, to have overruled such demurrer. It is certain that, in her complaint, appellee stated no cause of action whatever against appellant James M. Becknell; but it is equally certain that, as against him, she demanded no relief except that he should be summoned to answer as to his indebtedness to his co-appellant, Henry Becknell, and should be required to pay into court, of the moneys first due from him to Henry Becknell, a sum sufficient to pay off and satisfy appellee's judgment and costs. It would seem, indeed, that appellee had intended to make her complaint available as a statement of her cause of action, an.

application for an injunction, and an affidavit in attachment, as against Henry Becknell, and as an affidavit for a summons in garnishment, as against James M. Becknell. It is a palpable violation of all the canons of good pleading to unite so many and such incongruous matters against different parties, in one and the same complaint; and if, before verdict and judgment thereon, James M. Becknell had demurred to appellee's complaint, for the want of sufficient facts therein, it would seem that such demurrer would have been well taken, and should have been sustained. There are many objections to a complaint, which are waived by the failure to present them at the proper time and in the proper manner, and many are said to be cured by the verdict. *Donellan* v. *Hardy,* 57 Ind. 393; *Baltimore, etc., R. R. Co.* v. *Kreiger,* 90 Ind. 380; *Smith* v. *Smith,* 106 Ind. 43.

In the case in hand, appellee filed with her complaint herein an affidavit for an attachment against the property of Henry Becknell, and, also, an affidavit for a summons in garnishment against James M. Becknell, in accordance with the provisions of section 931, R. S. 1881. The judgment against James M. Becknell herein, and from which he now here prosecutes this appeal, is and must be rested upon such affidavit in garnishment and his answer, as garnishee, and not upon the averments of appellee's complaint. Conceding, therefore, as we must concede, that such complaint does not state facts sufficient to constitute a cause of action against James M. Becknell, we are of opinion that, after verdict and judgment against him herein, resting on a sufficient affidavit in garnishment, he can not claim a reversal of such judgment, merely because no cause of action was stated against him in such complaint.

It is further claimed, on behalf of James M. Becknell, that the trial court erred in sustaining appellee's demurrer to his separate answer in abatement herein. In this plea or answer, James M. Becknell alleged in response to appellee's complaint, and to the affidavit in garnishment therewith

filed, that long before and at the time of the filing of such complaint and affidavit against him, he had been and was a citizen and resident householder of Kosciusko county, Indiana, and was not, and since April 16th, 1885, had not been, a resident of Marshall county, Indiana, and that his lands, which were sought to be affected in this suit, were situate entirely within such county of Kosciusko.   Wherefore, etc.

There was no error, we think, in sustaining appellee's demurrer to this answer or plea in abatement.   It is true that, upon the facts stated in this plea or answer, the appellee could not have recovered judgment in this action under the provisions of section 919, R. S. 1881, if it had been shown or had appeared that Henry Becknell had not been personally served with process herein, that no property of Henry Becknell's had been attached in this suit in Marshall county, and that no resident garnishee, who was indebted to Henry Becknell or had assets or property in his hands subject to the attachment herein, had been summoned in Marshall county.   None of these facts appeared or were shown in James M. Becknell's plea or answer in abatement herein, and, in the absence of such facts, it is clear to our minds that appellee's demurrer to such answer or plea, for the want of sufficient facts therein, was correctly sustained.

On behalf of Henry Becknell, his counsel insist that the court below erred in sustaining appellee's demurrer to the second paragraph of his answer herein.   This answer was in two paragraphs, of which the first was a denial of each and every material allegation in appellee's complaint contained. In the second paragraph of his answer, " as to the six thousand dollars of notes mentioned in such complaint," Henry Becknell said that he sold and transferred by endorsement, in good faith, all of said notes long before the filing of such complaint and the granting of the restraining order thereon, and that at the time said complaint was filed, and such restraining order was granted, he did not own, nor did he own at the time of filing his answer herein, any of said notes.

The appellee's demurrer was correctly sustained, we think, to this paragraph of answer. It was not shown therein that Henry Becknell had sold or transferred any of said notes to any one, at any time, for a valuable consideration, or that any purchaser or endorsee had, at any time, become the owner and holder in good faith, without notice and for value, of any or all of said notes. Besides, the second paragraph of answer was no more than an argumentative denial of some of the statements in appellee's complaint, and every fact averred in such second paragraph, if material and competent, could have been given in evidence under the general denial pleaded in the first paragraph of answer. In such case, even if the sustaining of appellee's demurrer to the second paragraph of Henry Becknell's answer were an admitted error, such error would be harmless and would not be available for the reversal of the judgment. *Emmons* v. *Meeker*, 55 Ind. 321; *McCullough* v. *Rice*, 59 Ind. 580; *Ohio, etc., R. W. Co.* v. *Nickless*, 73 Ind. 382.

It is further claimed on behalf of Henry Becknell, that the court below erred in overruling his motion to dissolve and annul the restraining order granted by the court on appellee's complaint therefor. The point is made by appellee's counsel, and seems to be well made, that this supposed error presents no question for our decision. The motion to dissolve the restraining order was made on the special appearance of Henry Becknell for that purpose only, and the interlocutory order' overruling such motion was made and entered by the court below in term time.

In section 646, R. S. 1881, provision is made for an appeal to this court from such an order. In section 647, R. S. 1881, it is provided as follows : " Such appeal may be taken at the term of the court at which the order is made ; or, when made in vacation, the appeal may be taken at the time or during the next term. The appeal shall not be granted until the appellant has filed an appeal-bond, as in other cases of appeal."

In this case no appeal was prayed for or taken, or attempted to be taken, from the interlocutory order of the court, overruling Henry Becknell's motion to dissolve the temporary restraining order, theretofore granted herein by the judge of such court in vacation.

The cause was put at issue, and heard and determined upon its merits, and the final judgment and decree were rendered and entered therein, from which this appeal is now here prosecuted. In the meantime, the temporary restraining order of the judge, no appeal having been taken from the interlocutory order of the court refusing to dissolve or annul such temporary injunction, in conformity with the statute, was allowed by the party affected thereby to spend its force, exhaust itself and become merged in the final judgment and decree herein. In such case, if it were conceded that the order of the judge, in vacation, granting such temporary injunction, and the order of the court, in term, overruling the motion to dissolve such injunction, were each erroneous, we are of opinion that no error could be predicated upon either of such orders, which would be or ought to be available for the reversal of the final judgment and decree herein.

Henry Becknell has also assigned here, as error, that the court below erred in enjoining him from transferring or selling any of his property, until he had paid off appellee's judgment herein. This assignment of error is not shown to be true by the record of this cause. But if the court below had, by its judgment, enjoined Henry Becknell from the sale or transfer of any of his property, as he claims that it has, he is in no condition to complain here of such judgment as erroneous. The record fails to show that he objected or excepted to the form or substance of such judgment, at the time of its rendition, or that he then and there moved the court to set aside the judgment or to modify the same in any particular. In such a case, it is settled by our decisions that such objections can not be made here for the first time, and, if so

made, they will present no question for our consideration or decision. *Smith* v. *Tatman*, 71 Ind. 171; *Teal* v. *Spangler*, 72 Ind. 380; *Smith* v. *Kyler*, 74 Ind. 575; *Carrothers* v. *Carrothers*, 107 Ind. 530.

Appellants, Henry and James M. Becknell, separately assigned as errors the overruling of their separate motions for a new trial. In each of these motions, it was assigned as cause for a new trial, that the court below had no jurisdiction of the subject-matter of this suit, and, in James M. Becknell's motion, it was further assigned as such cause, that the court had no jurisdiction of his person. We have already considered these jurisdictional questions, and we are clearly of the opinion that the court had full and complete jurisdiction of the subject-matter of this suit, and of the person of each of the appellants. Besides, these jurisdictional matters are not, and can hardly be made, proper causes for a new trial.

In each of such motions, error in the assessment of the amount of recovery, in that it was too large, was assigned as cause for a new trial, and, in Henry Becknell's motion, it was further assigned as such cause, that the damages assessed were excessive. It is claimed by appellants' counsel, that the amount of the judgment in this case exceeds the sum due on the judgment for alimony, of principal and interest, about $180, and that, therefore, the damages assessed in the case at bar, to that extent, were excessive. The order-book entry of the judgment for alimony was put in evidence on the trial, and properly appears in the record. This entry shows that appellee recovered of Henry Becknell, in her suit for divorce, the sum of $800 alimony, " with her costs and charges in this behalf made, and taxed at —— dollars." It is apparent from this entry alone, we think, or at least we may properly assume therefrom, that appellants' bill of exceptions appearing in the record does not, as it purports to do, contain " all the evidence given in the cause," bearing upon the question of appellee's damages, in this suit. The costs and

charges taxed at —— dollars, recovered by appellee in her suit for divorce, were a part of her damages in the case in hand. While the amount of these costs is not shown by the bill of exceptions, we may well conclude, as we do, that evidence was introduced on the trial which tended to prove such amount, and that such bill is defective in this, that it does not contain such evidence. We can not say from the record of this cause, that the damages assessed by the trial court were excessive, and, therefore, we are bound to say that such damages were not excessive. Every reasonable presumption is indulged here, in favor of the findings, decisions and judgments of the trial courts, and unless the record on appeal excludes every such presumption, and affirmatively shows the existence of material error in the finding, decision or judgment complained of, the same must be in all things approved and affirmed by the judgment of this court. *Myers* v. *Murphy*, 60 Ind. 282; *Foster* v. *Ward*, 75 Ind. 594; *Peck* v. *Board, etc.*, 87 Ind. 221; *Beach* v. *Zimmerman*, 106 Ind. 495.

In each of their separate motions for a new trial, appellants have assigned as cause therefor, that the findings of the court below were not sustained by sufficient evidence, and were contrary to law. We can not disturb the findings of the court, nor reverse the judgment below, upon the evidence appearing in the record. Upon the controlling questions in this case, there is but little, if any, conflict in such evidence. It is clearly shown by the evidence, we think, that Henry Becknell conveyed to his son and co-appellant, James M. Becknell, his farm in Kosciusko county, for the purpose and with the intention of hindering, delaying and defrauding the appellee in the collection of her judgment for alimony; and that with notice of such purpose and intention, and in furtherance thereof, James M. Becknell accepted such conveyance, and executed his notes and mortgage to Henry, described in the complaint herein.

We conclude that we have found no error, in the record of

this cause, which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Feb. 15, 1887; petition for a rehearing overruled April 28, 1887.