The TRUSTEES OF PURDUE UNIVERSITY, Appellant–Defendant,

v.

HAGERMAN CONSTRUCTION CORPORATION, Appellee–Plaintiff.

No. 79A05–0002–CV–70.

Court of Appeals of Indiana.

Oct. 24, 2000.

John M. Stuckey, Stuart & Branigin, Indianapolis, Indiana, Attorney for Appellant.

Steven J. Strawbridge, Julia Blackwell Gelinas, Locke Reynolds LLP, Indianapolis, Indiana, Attorney for Appellee.

### OPINION

MATTINGLY, Judge

The Trustees of Purdue University ("Purdue") bring an interlocutory appeal of

the trial court's order granting transfer of venue from Tippecanoe County to Allen County. Purdue raises one issue for our review, which we restate as whether, under Ind. Trial Rule 75(A)(2), the allegations of Purdue's complaint establish that Tippecanoe County is a county of preferred venue.

We reverse.

## FACTS AND PROCEDURAL HISTORY

On February 22, 1999, Purdue filed in the Tippecanoe Superior Court a complaint against Hagerman Construction Corporation. The complaint alleges that on June 17, 1991, written contracts concerning a construction project were executed between Purdue and Ermco, Inc., Purdue and Burton Mechanical Contractors, Inc., and Purdue and Hagerman. This project, which was located at Purdue's West Lafayette campus in Tippecanoe County, involved the construction of a building that came to be known as Hillenbrand Hall. Hagerman's contract with Purdue provided that Hagerman was the contractor responsible for complete administration and coordination of all work by all contractors on the project.

The project was eventually completed, but Ermco and Burton claimed that Hagerman breached its contract with Purdue, and that Hagerman thus caused Ermco and Burton to sustain damages. On April 11, 1996, Purdue filed a declaratory relief action against Ermco, Burton, and Hagerman.

Purdue apparently reached a settlement with Ermco and Burton. Purdue now claims to be the assignee of Ermco and to assert Ermco's rights and claims against Hagerman. Purdue further "seeks common-law indemnity from Hagerman for the monies which Purdue paid to settle the claims of Ermco and Burton." (Br. of Appellant at 6.)

On March 15, 1999, Hagerman filed an objection to venue and a motion to transfer the action to Allen County. A special judge was subsequently appointed to preside over the case, and he issued an order transferring the case to Allen County pursuant to T.R. 75(A). Purdue now appeals.

## STANDARD OF REVIEW

A trial court's order on a motion to transfer venue under T.R. 75(A) is an interlocutory order reviewed for an abuse of discretion. *City of South Bend, Dep't of Pub. Works v. D & J Gravel Co., Inc.,* 727 N.E.2d 719, 721 (Ind.Ct.App.2000). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or when the trial court has misinterpreted the law. *Id.*

## DISCUSSION AND DECISION

T.R. 75(A)(2) states that preferred venue lies in:

> the county where the land or some part thereof is located or the chattels or some part thereof are regularly located or kept, if the complaint includes a claim for injuries thereto or relating to such land or such chattels, including without limitation claims for recovery of possession or for injuries, to establish use or control, to quiet title or determine any interest, to avoid or set aside conveyances, to foreclose liens, to partition and to assert any matters for which in rem relief is or would be proper[.]

Purdue argues that this case involves claims relating to land located in Tippecanoe County and as a result, Tippecanoe County is a county of preferred venue under T.R. 75(A)(2).

In *Diesel Construction Co., Inc. v. Cotten,* 634 N.E.2d 1351 (Ind.Ct.App.1994), we determined that a "nexus" test should be used to resolve whether a claim relates to land within the meaning of T.R. 75(A)(2). There we stated:

> The proper test for the trial court to apply to determine whether a claim relates to the land under T.R. 75(A)(2) is

whether a sufficient nexus exists between the land and the underlying action. Although the doctrine of *forum non conveniens* does not apply to intra-state venue, the same considerations of the reasonableness of the place of trial and the convenience to the parties and witnesses are inherent in T.R. 75(A)(2). Hence, the nexus test will be affected by such factors as, but not limited to, whether the acts giving rise to liability occurred there, and whether examination of the site may be necessary to resolve the dispute. The trial court's considerations will involve mixed questions of fact and law. Accordingly, the trial court must make a preliminary factual inquiry by means of the complaint.

634 N.E.2d at 1354 (citation omitted).

■ For three reasons we conclude that there is a sufficient nexus between land in Tippecanoe County and the action commenced by Purdue. First, our review of the complaint reveals that its claims relate, as Purdue asserts, "to Hagerman's [alleged] failure to coordinate and schedule the work of the contractors engaged in building Hillenbrand Hall." (Br. of Appellant at 12.) As such, the central issue in the case is whether Hagerman breached its contractual duty of so coordinating and scheduling. However, resolution of this issue may require thorough inquiry into the course of the parties' business relationships during the construction project. As it was the Tippecanoe County project site around which these relationships were centered, it is probable that these relationships and their legal significance cannot be properly analyzed without an examination of that site.

Second, it is apparent that both coordinating and scheduling were the "work" Hagerman was contractually obligated to perform in this case. And because such "work" was to result in completion of the construction project located in Tippecanoe County, we conclude that Hagerman's work should be viewed as directly affecting the Tippecanoe County land on which the project site was located. Under these circumstances, Purdue's claims relate to land in Tippecanoe County, for although Purdue's claims involve Hagerman's asserted breach of contract, this legal theory is based on the alleged poor quality of Hagerman's work insofar as such work affected land in Tippecanoe County. *See Cotten*, 634 N.E.2d at 1354 ("[I]f the breach of the contract is based upon the quality of work performed on the land, for example, such an issue would provide a sufficient nexus to the land to be 'related to the land' for purposes of T.R. 75(A)(2).").

Finally, Purdue persuasively argues that Tippecanoe County is the more convenient venue for this action. Specifically, Purdue notes that many potential witnesses in this action are located in or near Tippecanoe County. (*See* Br. of Appellant at 13–14.)

For these reasons, we find that there is a sufficient nexus between Purdue's action and the land on which the construction project occurred. As such, Purdue's complaint alleges claims related to land. Because that land is in Tippecanoe County, preferred venue lies there. *See Cotten*, 634 N.E.2d at 1354 ("[W]e ... agree with [a] broad interpretation of T.R. 75(A)(2) that where a complaint alleges a claim related to land, preferred venue lies in the county where the land is located."). Accordingly, we hold that the trial court abused its discretion in transferring venue to Allen County.

Reversed.

DARDEN, J., and BROOK, J., concur.