**Ken PHILLIPS, Mark Phillips and Dillinger's, Inc., Appellants–Defendants,**

**v.**

**Jeffrey G. SCALF, Appellee–Plaintiff.**

**No. 55A01–0207–CV–261.**

Court of Appeals of Indiana.

Nov. 14, 2002.

Thompson Smith, John Martin Smith & Thompson Smith, Auburn, IN, Attorney for Appellant.

Todd G. Vare, Amy L. Wright, Barnes & Thornburg, Indianapolis, IN, Stephen Oliver, Boren, Oliver & Coffey, Martinsville, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

Ken Phillips, Mark Phillips, and Dillinger's, Inc. (collectively, "Appellants") bring this interlocutory appeal from the trial court's denial of their motion for a change of venue.[1]  Appellants raise one issue, which we restate as whether the trial court abused its discretion by denying their motion for change of venue.  We affirm.

The facts most favorable to the trial court's order follow.  On April 9, 2002, Jeffrey G. Scalf, a resident of Morgan County, filed a complaint for damages and injunctive relief against Appellants in Morgan County.  Scalf is the great-nephew of John Dillinger, a 1930's gangster and bank

---

1.  We have jurisdiction over this interlocutory appeal pursuant to Ind. Appellate Rule 5(B) and Ind. Appellate Rule 14(A)(8).  Ind. Appellate Rule 5(B) provides that "[t]he Court of Appeals shall have jurisdiction over appeals of interlocutory orders under Rule 14." Ind. Appellate Rule 14(A) provides, in part, that "[a]ppeals from the following interlocutory orders are taken as a matter of right by filing a Notice of Appeal with the trial court clerk within thirty (30) days of the entry of the interlocutory order:  ... (8) Transferring or refusing to transfer a case under Trial Rule 75."

robber. In his complaint, Scalf alleged that he owns a majority interest in the right of publicity associated with Dillinger pursuant to the Indiana Rights of Publicity Act, Ind.Code §§ 32–36–1–1 to –20 (2002) (previously codified at Ind.Code §§ 32–13–1 to –20). Scalf further alleged that Appellants were operating a restaurant in Steuben County and "improperly utilizing Dillinger's name, image and likeness for a commercial purpose without authorization." Appellant's Appendix at 24.

Appellants filed a "Trial Rule 75 Motion to Dismiss, or in the Alternative, Motion for Change of Venue" arguing that preferred venue was in Steuben County rather than Morgan County. The trial court found that "[b]ased on the allegations contained in [Scalf's] complaint, proper venue is in Morgan County." *Id.* at 5. Thus, the trial court denied Appellants' motion.

■ The sole issue is whether the trial court abused its discretion by denying Appellants' motion for change of venue. We review a trial court's order on a motion to change venue under Ind. Trial Rule 75 for an abuse of discretion. *Trs. of Purdue Univ. v. Hagerman Const. Corp.*, 736 N.E.2d 819, 820 (Ind.Ct.App.2000), *trans. denied.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or when the trial court has misinterpreted the law. *Id.*

Under Ind. Trial Rule 75(A), a case may be tried in any county in Indiana. *Banjo Corp. v. Pembor*, 715 N.E.2d 430, 431 (Ind. Ct.App.1999). Specifically, Ind. Trial Rule 75(A) provides, in pertinent part:

Any case may be venued, commenced and decided in any court in any county, except, that upon the filing of a pleading or a motion to dismiss allowed by Rule 12(B)(3), the court, from allegations of the complaint or after hearing evidence thereon or considering affidavits or documentary evidence filed with the motion or in opposition to it, shall order the case transferred to a county or court selected by the party first properly filing such motion or pleading if the court determines that the county or court where the action was filed does not meet preferred venue requirements or is not authorized to decide the case and that the court or county selected has preferred venue and is authorized to decide the case.

Thus, if the initial court is not a preferred venue, the action must be transferred to a preferred venue under the criteria listed in the rule. *Banjo*, 715 N.E.2d at 431.

■ Preferred venue is determined in accordance with Ind. Trial Rule 75(A)(1)-(9). *Pratt v. Pierce*, 713 N.E.2d 312, 315 (Ind.Ct.App.1999). Ind. Trial Rule 75(A) creates no preference among these subsections, and if the suit is initially filed in a county of preferred venue, a transfer of venue will not be granted. *Id.* If no county of preferred venue is established under Ind. Trial Rule 75(A)(1)-(9), then preferred venue may be established under Ind. Trial Rule 75(A)(10). *Id.* The preferred venue subsection at issue here is subsection (2), which provides preferred venue in:

the county where . . . the chattels or some part thereof are regularly located or kept, if the complaint includes a claim for injuries thereto or relating to . . . such chattels, including without limitation claims for recovery of possession or for injuries, to establish use or control, to quiet title or determine any interest, to avoid or set aside conveyances, to foreclose liens, to partition and to assert any matters for which in rem relief is or would be proper.

T.R. 75(A)(2). In construing this rule, we are bound by the cardinal rule of statutory

construction that "a statute clear and unambiguous on its face need not and cannot be interpreted by a court." *Storey Oil Co., Inc. v. Am. States Ins. Co.,* 622 N.E.2d 232, 235 (Ind.Ct.App.1993) (discussing Ind. Trial Rule 75(A)).

■■■■ Appellants first argue that preferred venue does not exist in Morgan County because "no Court has determined that a chattel property right in the John Dillinger right of publicity exists." Appellant's Brief at 3. Thus, according to Appellants, the requirements of Ind. Trial Rule 75(A)(2) cannot be met until the trial court makes a determination on the merits of this case. However, such interpretation strains the plain language of Ind. Trial Rule 75(A). Ind. Trial Rule 75(A) clearly states that in determining proper venue, a trial court may consider the "allegations of the complaint" or, alternatively, consider "evidence thereon or ... affidavits or documentary evidence filed with the motion or in opposition to it." Thus, a determination of the preferred venue may be based solely upon the allegations contained in the complaint. Venue is not dependent on Scalf first proving the merits of his claim to the right of publicity associated with Dillinger. *See, e.g., Hagerman,* 736 N.E.2d at 821 (reversing a trial court's grant of a motion for change of venue based upon a "review of the complaint").

■ Additionally, Appellants argue that even if a chattel does exist, the chattel is intangible, and they encourage us to hold as a matter of public policy that in disputes involving intangible chattels, venue should be in the defendants' home county. The alleged chattel in this case is Scalf's right of publicity associated with Dillinger. Ind.Code § 32–36–1–7 creates a "property right" in a personality's right of publicity. Furthermore, Black's Law Dictionary defines "chattel" as "[m]ovable or transferable property; esp., personal property."

*Black's Law Dictionary* 229 (7th ed.1999). One type of chattel is a personal chattel, which is defined as "[a] tangible good or an intangible right (such as a patent)." *Id.* Thus, the term chattel includes an intangible right, such as a right of publicity. Ind. Trial Rule 75(A) provides for preferred venue in the county where "the chattels or some part thereof are regularly located or kept, if the complaint includes a claim for injuries thereto or relating to ... such chattels." This rule does not distinguish between tangible and intangible chattels. As we have previously held, "[w]e are not at liberty to ignore the strict letter of T.R. 75." *Halsey v. Smeltzer,* 722 N.E.2d 871, 873 n. 2 (Ind.Ct.App.2000), *trans. denied.* Any "revision of the rule should be articulated by the Supreme Court." *Id.* Accordingly, we decline Appellants' request to create a public policy exception for the preferred venue of intangible chattels.

Lastly, Appellants contend that the chattel that Scalf "seeks ownership of in this case is a portion of the stream of revenues generated in Steuben County, Indiana by the restaurant called 'Dillinger's.' " Appellant's Brief at 8. Thus, they argue that preferred venue lies in Steuben County. We disagree. Ind. Trial Rule 75(A)(2) clearly provides for preferred venue in the county where "the chattels or some part thereof are regularly located or kept, if the complaint includes a claim for injuries thereto or relating to ... such chattels." Although Appellants argue that Scalf seeks ownership of a portion of the revenues generated by the Dillinger's restaurant, we believe that Scalf's claim is more appropriately viewed as a claim for injuries to or relating to his chattel, namely, his right of publicity associated with Dillinger.

■■■■ Indiana courts have recognized that under the rule of "mobilia sequuntur personam," the situs of intangible personal

property is the legal domicile of the owner. *Ind. Dep't of State Revenue v. Bethlehem Steel Corp.,* 639 N.E.2d 264, 268–269 (Ind. 1994), *reh'g denied.* Thus, Scalf's right of publicity is "located" in Morgan County with Scalf. Because the chattel is "regularly located or kept" in Morgan County, preferred venue for Scalf's complaint exists in Morgan County under Ind. Trial Rule 75(A)(2).

As previously discussed, if a complaint is initially filed in a county of preferred venue, a change of venue request will not be granted. *Pratt,* 713 N.E.2d at 315. The complaint here was initially filed in Morgan County, a county of preferred venue. Thus, the trial court's decision to deny Appellants' motion for change of venue is not clearly against the logic and effect of the facts and circumstances before the trial court. The trial court did not abuse its discretion. *See, e.g., Shelton v. Wick,* 715 N.E.2d 890, 896 (Ind.Ct.App.1999) (holding that the trial court did not abuse its discretion by denying the defendant's motion for change of venue from Johnson County), *trans. denied.*

For the foregoing reasons, we affirm the trial court's denial of Appellants' motion for change of venue.

Affirmed.

FRIEDLANDER and NAJAM, JJ., concur.