Rick BOSTIC, Appellant–Defendant,

v.

HOUSE OF JAMES, INC.,
Appellee–Plaintiff.

No. 29A02–0207–CV–529.

Court of Appeals of Indiana.

Feb. 28, 2003.

Jeffry G. Price, Peru, IN, Attorney for Appellant.

Merrill Moores Indianapolis, IN, Attorney for Appellee.

## OPINION

SHARPNACK, Judge.

Rick Bostic brings this interlocutory appeal from the trial court's denial of his motion for a change of venue. Bostic raises one issue, which we restate as whether the trial court abused its discretion by denying his motion for a change of venue.[1] We affirm.

The relevant facts follow. On May 11, 1992, House of James, Inc. ("House of James") obtained a judgment against Indy's Academy of Hair Design, Inc., Rick Bostic, and Kathy Bostic (collectively "Defendants") in the amount of $52,952.60 in the Hamilton County Superior Court No. 3. On April 16, 2002, House of James filed a "Complaint on Judgment" against the Defendants in the Hamilton County Superior Court No. 3. In the complaint, House of James alleged that the 1992 judgment remained unpaid, and it requested a renewal of the 1992 judgment.

Bostic filed a motion to dismiss or change the venue of the action pursuant to Ind. Trial Rule 12(B)(3)[2] and Ind. Trial Rule 75(A). Bostic alleged that he resides in Howard County, the greater percentage of individual defendants reside outside of Hamilton County, and none of the individual defendants reside in Hamilton County.

Thus, Bostic requested that the trial court either dismiss the action or transfer it to Howard County. The trial court found that the judgment was "in the nature of a chattel and under Trial Rule 75(A)(2), that suit may be brought in the county in which the judgment was originally entered." Appellant's Appendix at 23. Thus, the trial court denied Bostic's motion.

The sole issue is whether the trial court abused its discretion by denying Bostic's motion for a change of venue with respect to House of James's action for renewal of its 1992 judgment against Bostic. At common law, our supreme court held the following with respect to venue of actions on judgments:

> The owner of a judgment may enforce its collection by the process of the court wherein it was rendered, or he may, if he so elect, use his judgment as a cause of action, and bring suit thereon in the same court, or any court of competent jurisdiction, and prosecute such suit to final judgment.

*Becknell v. Becknell,* 110 Ind. 42, 47, 10 N.E. 414, 416 (1887). However, venue is now governed by Ind. Trial Rule 75. *Hootman v. Fin. Ctr. Fed. Credit Union,* 462 N.E.2d 1064, 1066 (Ind.Ct.App.1984) (noting that venue requirements in Indiana are "governed exclusively" by Ind. Trial Rule 75).

■ We review a trial court's order on a motion to change venue under Ind. Trial

---

1. We have jurisdiction over this interlocutory appeal pursuant to Ind. Appellate Rules 5(B) and 14(A)(8). Ind. Appellate Rule 5(B) provides that "[t]he Court of Appeals shall have jurisdiction over appeals of interlocutory orders under Rule 14." Ind. Appellate Rule 14(A) provides, in part, that "[a]ppeals from the following interlocutory orders are taken as a matter of right by filing a Notice of Appeal with the trial court clerk within thirty (30) days of the entry of the interlocutory order: ... (8) Transferring or refusing to transfer a case under Trial Rule 75."

2. Ind. Trial Rule 12(B)(3) permits a party to plead "[i]ncorrect venue under Trial Rule 75, or any statutory provision. The disposition of this motion shall be consistent with Trial Rule 75."

Rule 75 for an abuse of discretion. *Trs. of Purdue Univ. v. Hagerman Constr. Corp.,* 736 N.E.2d 819, 820 (Ind.Ct.App.2000), *trans. denied.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or when the trial court has misinterpreted the law. *Id.*

■■ Under Ind. Trial Rule 75(A), a case may be tried in any county in Indiana. *Banjo Corp. v. Pembor,* 715 N.E.2d 430, 431 (Ind.Ct.App.1999). Specifically, Ind. Trial Rule 75(A) provides, in pertinent part:

> Any case may be venued, commenced and decided in any court in any county, except, that upon the filing of a pleading or a motion to dismiss allowed by Rule 12(B)(3), the court, from allegations of the complaint or after hearing evidence thereon or considering affidavits or documentary evidence filed with the motion or in opposition to it, shall order the case transferred to a county or court selected by the party first properly filing such motion or pleading if the court determines that the county or court where the action was filed does not meet preferred venue requirements or is not authorized to decide the case and that the court or county selected has preferred venue and is authorized to decide the case.

Thus, if the initial court is not a preferred venue, the action must be transferred to a preferred venue under the criteria listed in the rule. *Banjo,* 715 N.E.2d at 431.

■■ Preferred venue is determined in accordance with Ind. Trial Rule 75(A)(1)-(9). *Pratt v. Pierce,* 713 N.E.2d 312, 315 (Ind.Ct.App.1999). Ind. Trial Rule 75(A) creates no preference among these subsections, and if the suit is initially filed in a county of preferred venue, a transfer of venue will not be granted. *Id.* If no coun-

ty of preferred venue is established under Ind. Trial Rule 75(A)(1)-(9), then preferred venue may be established under Ind. Trial Rule 75(A)(10). *Id.* In construing Ind. Trial Rule 75, we are bound by the cardinal rule of statutory construction that "a statute clear and unambiguous on its face need not and cannot be interpreted by a court." *Storey Oil Co., Inc. v. Am. States Ins. Co.,* 622 N.E.2d 232, 235 (Ind.Ct.App.1993) (discussing Ind. Trial Rule 75(A)).

Bostic argues that preferred venue exists in Howard County pursuant to Ind. Trial Rule 75(A)(1), which provides preferred venue in "the county where the greater percentage of individual defendants included in the complaint resides, or, if there is no such greater percentage, the place where any individual defendant so named resides." However, the trial court held that preferred venue also exists in Hamilton County because the judgment was "in the nature of a chattel and under Trial Rule 75(A)(2), that suit may be brought in the county in which the judgment was originally entered." Appellant's Appendix at 23. Consequently, the issue is whether Hamilton County is a county of preferred venue such that the trial court was not required to grant a change of venue.

Ind. Trial Rule 75(A)(2) provides that preferred venue exists in:

> the county where ... the chattels or some part thereof are regularly located or kept, if the complaint includes a claim for injuries thereto or relating to ... such chattels, including without limitation claims for recovery of possession or for injuries, to establish use or control, to quiet title or determine any interest, to avoid or set aside conveyances, to foreclose liens, to partition and to assert any matters for which in rem relief is or would be proper.

T.R. 75(A)(2). Thus, to establish whether Hamilton County is a preferred venue, we must determine if: (1) the judgment is a chattel; (2) the chattel "or some part thereof" is "regularly located or kept" in Hamilton County, and (3) the complaint "includes a claim for injuries thereto or relating to" the chattel.

Bostic argues that a judgment is intangible and the term "chattel" refers only to a tangible piece of personal property. However, we recently held in *Phillips v. Scalf* that Ind. Trial Rule 75(A)(2) "does not distinguish between tangible and intangible chattels." 778 N.E.2d 480, 483 (Ind.Ct. App.2002) (noting that "[o]ne type of chattel is a personal chattel, which is defined as '[a] tangible good or an intangible right (such as a patent)' "). Thus, Bostic's argument is misplaced.

■ Ind.Code § 1–1–4–5(10) defines judgments as "all final orders, decrees, and determinations in an action and all orders upon which executions may issue." Further, "[t]he plaintiff in the action in which a judgment is recovered against the defendant is the presumed owner of the judgment." 46 *Am.Jur.2d* Judgments § 12 (1994). For example, Ind.Code § 34–54–7–1 provides that "[j]udgments and decrees of a court of record for the recovery of money may be assigned by the plaintiff or complainant" and "title to the judgment or decree" then vests in the assignee. Thus, we agree with the trial court that a judgment is "in the nature of a chattel."

Next, we must determine whether the chattel "or some part thereof" is "regularly located or kept" in Hamilton County. Ind. Trial Rule 58 provides that "upon a verdict of a jury, or upon a decision of the court, the court shall promptly prepare and sign the judgment, and the clerk shall thereupon enter the judgment in the Record of Judgments and Orders and note the entry of the judgment in the Chronological Case Summary and Judgment Docket." Furthermore, Ind. Trial Rule 77 requires the clerk of the circuit court to maintain records "for all circuit, superior, county, probate and municipal courts in the county," including records of judgments. Here, the original judgment was issued in Hamilton County Superior Court No. 3. Thus, record of the judgment can be found in Hamilton County. Consequently, we conclude that the chattel or some part thereof is located in Hamilton County. *See, e.g., In re Trust of Johnson,* 469 N.E.2d 768, 772 (Ind.Ct. App.1984) (holding that preferred venue for a declaratory judgment action regarding the validity of a trust existed in Hamilton County under Ind. Trial Rule 75(A)(8) and Ind.Code § 30–4–6–3 because the trust's records were kept there and Trustee resided there), *reh'g denied, trans. denied.*

Finally, we must determine whether the complaint "includes a claim for injuries thereto or relating to" the chattel, i.e., the judgment. T.R. 75(A)(2). House of James argues that the complaint includes a claim "relating to" the judgment rather than a claim "for injuries" to the judgment. *Cf. Phillips,* 778 N.E.2d at 483 (holding that venue was proper when the complaint included a claim for injuries to a right of publicity). In *Diesel Constr. Co., Inc. v. Cotten,* we held that a "broad interpretation" of the "relating to" language was appropriate. 634 N.E.2d 1351, 1354 (Ind. Ct.App.1994). Furthermore, we held that the "proper test for the trial court to apply to determine whether a claim relates to the land under T.R. 75(A)(2) is whether a sufficient nexus exists between the land and the underlying action." *Id.* We believe that the same reasoning is appropriate when determining whether a claim relates to a chattel under Ind. Trial Rule 75(A)(2).

Bostic contends that House of James's claim concerns only a "question of debt" and, thus, the nexus is too remote. We held in *Diesel Constr.* that if the plaintiff's claims concerned "only a question of debt, the nexus to the land would be too remote to meet T.R. 75(A)(2)." *Id.* However, "if the breach of the contract is based upon the quality of work performed on the land, for example, such an issue would provide a sufficient nexus to the land to be 'related to the land' for purposes of T.R. 75(A)(2)." *Id.* Furthermore, we found in *Bayless Specialties v. Affordable Housing, Inc.* that a "complaint on account stated" was merely a request for repayment of debts. 637 N.E.2d 840, 841 (Ind.Ct.App.1994), *reh'g denied, trans. denied.* Thus, the claim was only a question of debt, and preferred venue was not established pursuant to Ind. Trial Rule 75(A)(2). *Id.; see also Pratt,* 713 N.E.2d at 316 (holding that proper venue for a claim on an unpaid account was the county where the defendants resided). However, a judgment is more than simply a question of debt. Rather, as noted above, judgments are defined as "all final orders, decrees, and determinations in an action and all orders upon which executions may issue." I.C. § 1–1–4–5(10).

A clear nexus exists between the chattel, i.e., the judgment, and House of James's action to renew the same judgment against Bostic. A resolution of House of James's complaint necessarily requires that the trial court consider the judgment. Moreover, the trial court cannot render any determination regarding House of James's complaint without considering the judgment. Thus, under the broad interpretation of the "relating to" language in Ind. Trial Rule 75(A)(2), the complaint to renew the judgment "relates to" the judgment. *See, e.g., Hagerman Constr. Corp.,* 736 N.E.2d at 821 (holding that the plaintiff's complaint alleged claims related to land

because there was a sufficient nexus between the plaintiff's action and the land on which the construction project occurred).

Each requirement of Ind. Trial Rule 75(A)(2) is satisfied. Thus, preferred venue for House of James's complaint on the judgment exists in Hamilton County. Consequently, the trial court did not abuse its discretion when it denied Bostic's motion for change of venue to Howard County. *See, e.g., Halsey v. Smeltzer,* 722 N.E.2d 871, 874 (Ind.Ct.App.2000) (holding that the trial court did not err when it denied the defendant's motion to transfer venue), *trans. denied.*

For the foregoing reasons, we affirm the trial court's denial of Bostic's motion for change of venue.

Affirmed.

KIRSCH, J. concurs.

SULLIVAN, J. concurs in result with separate opinion.

SULLIVAN, Judge, concurring in result.

I fully concur in the majority's conclusion that this judgment is a chattel, albeit an intangible. However, the fact that a chattel exists does not end the inquiry with regard to preferred venue. In addition to its status as an intangible chattel, the chattel must also have a present situs within the county claimed to be a county of preferred venue. In the case before us, the only factor upon which preferred venue is based is the fact that ten years previously, in 1992, the judgment was entered in Hamilton County. I do not subscribe to the clear implication of the majority opinion that a judgment is always "regularly located or kept" in the county where it was originally entered merely because it was originally rendered there.

The argument is made by intimation that because a judgment when rendered becomes entered as a matter of record in that county, so long as not vacated or extinguished, that judgment "remains kept" in that county. The judgment itself in its original form is required to be placed within the Record of Judgments and Orders. Ind. Trial Rules 77(A)(2), 77(C). To that extent and to the extent that the Record of Judgments and Orders remains of record in that county, the judgment may be said to be "kept" in that county.

The more persuasive argument, in my estimation, recognizes that the terms "located" and "kept" connote that some person or entity within that county has ownership or control over the chattel. This would appear especially true in the case of intangibles which do not have a physical presence in and of themselves.[3] Only the person in whose favor the judgment was rendered or his assignee may realize the benefits of that judgment by enforcing it. Accordingly, it would seem that the mere recordation of an intangible within the county does not satisfy the requirements of preferred venue unless there is some entity domiciled within that county having a proprietary interest in the judgment.

The majority opinion itself acknowledges a degree of import which must be given to the ownership of the judgment. The opinion states, "Further, '[t]he plaintiff in the action in which a judgment is recovered against the defendant is the presumed owner of the judgment.'" Op. at 512. In addition, the majority places significance upon I.C. § 34–54–7–1 which provides that a judgment may be assigned and that " 'title to the judgment or decree' then vests in the assignee." *Id.* It is clear to me therefore, that the existence and location of a person or entity having ownership or control over the judgment so as to enforce it is more than a mere circumstance or coincidence.

To be sure, the two principal cases relied upon by the majority in conjunction with the "location" of the chattel would seem in support of the position which I take. In *Phillips v. Scalf,* 778 N.E.2d 480 (Ind.Ct.App.2002), the suit involved a claim of violation of a right of publicity. The court held that preferred venue lay in Morgan County because the owner of the right was domiciled in Morgan County and that therefore the chattel, i.e., the right of publicity, assumed the situs of the owner. *Id.* at 483–84.

In *In Re Trust of Johnson,* 469 N.E.2d 768 (Ind.Ct.App.1984), the determination of the court that preferred venue with respect to the trust lay in Hamilton County rested not only upon the fact that the trust records were maintained in Hamilton County, but perhaps more importantly that the Trustee resided in Hamilton County.

Be that as it may, Bostic's Motion to Dismiss or Transfer Venue was premised solely upon the proposition that the defendants resided in Howard County. The Motion in no way challenged the applicability of T.R. 75(A)(2) to the judgment here involved. Accordingly, there is no issue in the case as presented to us as to whether House of James, Inc. is or is not a corporation domiciled in Hamilton County. Therefore, it would be wholly inappropriate to conclude that preferred venue lies in Hamilton County only because the judgment was originally entered there.

Bostic has not demonstrated that the trial court's determination under T.R. 75(A)(2) was erroneous as a matter of law.

---

**3.** An intangible is defined as "property that is a right ... or one which is lacking physical existence." BLACK'S LAW DICTIONARY 809 (6th Ed.1990).

For this reason, I concur in the result reached by the majority.