# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**THOMAS J. COSTAKIS**
**CATHERINE E. SABATINE**
Krieg Devault LLP
Indianapolis, Indiana

**ROBERT S. SCHEIN**
Krieg Devault LLP
Carmel, Indiana

ATTORNEY FOR APPELLEE
CRIDER & CRIDER, INC.:

**THOMAS PASTORE**
Thomas Pastore, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
HAGERMAN CONSTRUCTION
CORPORATION:

**STEVEN J. STRAWBRIDGE**
**JULIA BLACKWELL GELINAS**
**LUCY R. DOLLENS**
Frost Brown Todd LLC
Indianapolis, Indiana

FILED

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| CITY OF CARMEL, through its REDEVELOPMENT COMMISSION, | ) ) ) |
| Appellant/Defendant/Cross-Claim Defendant, | ) ) ) |
| vs. | ) No. 02A04-1208-PL-416 ) |
| CRIDER & CRIDER, INC., | ) ) |
| Appellee/Plaintiff, | ) ) |
| HAGERMAN CONSTRUCTION CORPORATION, | ) ) ) |
| Appellee/Defendant/Cross-Claimant. | ) |

**May 23, 2013**

**OPINION - FOR PUBLICATION**

**ROBB, Chief Judge**

Case Summary and Issue

City of Carmel, through its Redevelopment Commission, ("CRC") brings this appeal

from the trial court's denial of its motion to transfer venue in the lawsuit filed by Crider &

Crider, Inc., ("Crider") against it and Hagerman Construction Corporation ("Hagerman") in

Allen County. The sole issue for our review is: whether the trial court abused its discretion

by denying CRC's motion to transfer venue from Allen County to Hamilton County.

Concluding that Hamilton County is the appropriate venue, we reverse.

Facts and Procedural History

CRC hired Hagerman as the prime contractor to perform limestone and concrete work

during the construction of the Carmel Performing Arts Center in the City of Carmel. CRC

and Hagerman entered into two agreements. Section 5.12 of the agreements read, in part, as

follows:

> The parties . . . agree that, in the event a lawsuit is filed hereunder, they waive
> any rights to a jury trial they may have, agree to file any such lawsuit in an
> appropriate court in Hamilton County, Indiana only, and agree that such court
> is the appropriate venue for and has jurisdiction over same.

2

Appellant's Appendix at 154. Soon after, Hagerman hired Crider as a subcontractor to perform certain excavation work. Hagerman and Crider did not reduce their agreement to a final writing.

On October 17, 2011, Crider filed a complaint against Hagerman and CRC, alleging breach of contract and unjust enrichment. Hagerman filed a cross-claim against CRC, alleging that CRC should be liable for any damages recovered by Crider on its complaint against Hagerman. CRC later filed a motion to transfer venue, arguing that Hamilton County was the proper venue due to the venue selection clause in the contractual agreement between it and Hagerman, and that the clause applied to the entire matter pursuant to Trial Rule 21. Both Crider and Hagerman opposed the motion, asserting that Allen County was a preferred venue under Trial Rule 75. CRC filed a consolidated reply, and the trial court conducted a hearing on the motion. The court denied the motion in an order stating the following:

(1) This action was properly filed by Plaintiff [Crider] in Allen County, as Allen County is a county of "preferred venue" pursuant to Trial Rule 75(A)(1) and (4).

(2) The venue provision of the contract between Defendant [Hagerman] and Defendant [CRC] does not apply to Plaintiff [Crider] pursuant to Trial Rule 75(A)(6).

(3) Trial Rule 21(B) does not apply as [CRC] was an originally-named defendant herein.

Appellant's App. at 17. CRC filed a motion to reconsider, which the trial court denied. CRC now appeals. Additional facts will be provided as necessary.

3

Discussion and Decision

I. Standard of Review

We review a trial court's order on a motion to change venue for an abuse of discretion. Phillips v. Scalf, 778 N.E.2d 480, 482 (Ind. Ct. App. 2002). An abuse of discretion occurs if a trial court's decision is clearly against the logic and effect of the facts and circumstances before it, or if the trial court misinterpreted the law. Id.

II. Proper Venue

Parties are free to negotiate and include venue selection clauses in their contracts. These clauses are enforceable if they are reasonable and just under the circumstances, and if there is no evidence of fraud or overreaching such that the agreeing party would be deprived of a day in court. Linky v. Midwest Midrange Sys., Inc., 799 N.E.2d 55, 57 (Ind. Ct. App. 2003). Here, CRC and Hagerman entered into an agreement establishing Hamilton County as the proper venue in the case of any dispute between them. There is no claim that this venue selection clause is not reasonable and just or that it is a result of fraud or overreaching. The issue is whether the venue selection clause in the agreement between CRC and Hagerman, the two co-defendants, applies in the case brought by Crider.[1] We hold that, under the circumstances, it does.

---

[1] The appellees argue that even if Hamilton County is the appropriate county, CRC waived this issue by filing a jury demand prior to filing a motion to transfer venue. We disagree.

The appellees first note that the same contractual provision that sets forth Hamilton County as the appropriate venue also includes a waiver of a right to a jury trial. We note that CRC admitted at the hearing on the motion to transfer venue that its jury demand was a violation of the contract and that it was willing to withdraw it. Moreover, the appellees cannot base their argument of waiver on the same contractual provision they claim does not apply to Crider. See, e.g., TWH, Inc. v. Binford, 898 N.E.2d 451, 454 (Ind. Ct. App. 2008) (finding that the co-purchasers "cannot both seek

4

While the preferred venue analysis in Trial Rule 75 would normally govern a case where the plaintiff has not contractually agreed to a particular venue, Trial Rule 75 is trumped in this case by Trial Rule 21(B). After Crider filed its complaint against CRC and Hagerman, Hagerman filed a cross-claim against CRC. Due to the venue selection clause between Hagerman and CRC, it is clear that venue lies in Hamilton County as to the cross-claim between them. Trial Rule 21(B) provides that a "court shall have venue and authority over all persons or claims required to be joined or permissively joined, impleaded, or included by intervention, interpleader, counterclaim or cross-claim . . . ." The trial court found that Trial Rule 21(B) does not apply to CRC because it was an originally-named defendant. However, the purpose of Trial Rule 21(B) is to conserve judicial resources and promote expeditious litigation. Ind. Lumbermens Mut. Ins. Co. v. Am. Log Homes, Inc., 774 N.E.2d 603, 606 (Ind. Ct. App. 2002). All of the parties here agree that the original complaint and the cross-claim are "inextricably intertwined" and should be decided together. Brief of Appellees at 16. Thus, Hamilton County is the appropriate venue for the entire matter. See Linky, 799 N.E.2d at 57-58 (holding that venue in Marion County was proper as to the defendant due to a venue selection clause in an agreement between the plaintiff and

affirmative relief from the transaction and disavow the arbitration provision in the purchase agreement").

The appellees also argue that by filing a demand for a jury trial with the trial court in Allen County, CRC sought affirmative relief from the trial court and thus waived its right to transfer venue or was estopped from raising this issue with the court. While the appellees cite numerous cases to support this argument, those cases deal with personal jurisdiction. Venue and personal jurisdiction are not the same. The issue of improper venue must be raised in a responsive pleading as an affirmative defense or must be raised by motion prior to the filing of a pleading. Ind. Trial Rule 12(B)(3). Here, CRC filed a motion to transfer venue prior to the filing of a pleading. A jury demand is not a Rule 12(B) motion nor is it a responsive pleading, and thus did not constitute a waiver of venue. See Shanklin v. Shireman, 659 N.E.2d 640, 644 (Ind. Ct. App. 1995) (holding that a "motion for change of judge is neither a Rule 12(B) motion requiring consolidation of defenses under Rule 12(G) nor a responsive pleading" and, thus, did not constitute the waiver of a right to transfer venue).

another defendant because of the overriding policy of conserving judicial resources and because all of the parties would be subject to joinder under Trial Rule 21(B) and "[t]he sequence of the inclusion of the defendants in this action does not change the result"). The trial court abused its discretion by denying CRC's motion to transfer venue.

## Conclusion

The appropriate venue in this case is Hamilton County by virtue of Trial Rule 21(B). Thus, the trial court's order denying CRC's motion to transfer venue from Allen County to Hamilton County is reversed.

Reversed.

FRIEDLANDER, J., and CRONE, J., concur.