**BANJO CORPORATION, Appellant–Defendant,**

v.

**Bruce PEMBOR and Paula Pembor, Appellees–Plaintiffs.**

No. 41A04–9902–CV–57.

Court of Appeals of Indiana.

Aug. 31, 1999.

Philip Linnemeier, Robert B. Thornburg, Smith & Linnemeier, Indianapolis, Indiana, Attorneys for Appellant.

Roger L. Pardieck, Susan Boatright, Pardieck, Gill, Vargo & MacTavish, Seymour, Indiana, Attorneys for Appellee.

## OPINION

KIRSCH, Judge

■ Banjo Corporation (Banjo) appeals the trial court's denial of its motion to dismiss Bruce and Paula Pembor's action for incorrect venue.[1] It presents the following issue for review:

Whether the trial court erred in concluding that the Pembors had established preferred venue in Johnson County.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On June 18, 1996, Bruce Pembor, a truck driver, delivered a truckload of herbicide to a White River Cooperative, Inc. (White River) location in Greene County. In the course of this delivery, he was sprayed with herbicide when a valve manufactured by Banjo failed. American Cyanamid Company (American Cyanamid) manufactured the herbicide.

The Pembors reside in Johnson County. White River's principal place of business is in Daviess County. Banjo is an Indiana corporation which has its principal place of business in Montgomery County. American Cyanamid is a foreign corporation which has a registered agent in Marion County.

The Pembors filed an action in Daviess County against White River, Banjo, and American Cyanamid. The suit included Bruce Pembor's claim for personal injuries and Paula Pembor's derivative claim arising out of her husband's injuries. After obtaining dismissal of that action, they filed the instant action in Johnson County, alleging the same claims as in the Daviess County suit, but adding a claim for damage to Bruce Pembor's equipment and clothing. Banjo moved to dismiss the Pembors' claim, arguing that Johnson County was not a county of preferred venue under T.R. 75(A). The trial court denied its motion, and it now appeals.

## DISCUSSION AND DECISION

■ Banjo argues that the trial court erred in determining that Johnson County was a preferred venue for the Pembors' suit. The trial court's grant or denial of a motion to transfer venue is an interlocutory order. *Hollingsworth*, 658 N.E.2d at 655. We review interlocutory orders under an abuse of discretion standard. *Id.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it, or when the trial court has misinterpreted the law. *Id.*

■ Indiana Trial Rule 75(A) provides that a case may be tried in any county in Indiana. If the initial court is not a preferred venue, the action may be transferred to a preferred venue under the criteria listed in the rule. Indiana Trial Rule 75(B). The criteria for preferred venue in provisions (A)(1) to (A)(9) are equally preferred. *Parkison v. TLC Lines, Inc.*, 506 N.E.2d 1105, 1107 (Ind.Ct.App.1987).

The Pembors argue that Johnson County was a preferred venue based on subsection (A)(2). T.R. 75(A)(2) states that preferred venue lies in:

"(2) the county where the land or some part thereof is located *or the chattels or some part thereof are regularly located or kept, if the complaint includes a claim for injuries thereto or relating to such land or such chattels,* including without limitation claims for recovery of possession or for injuries, to establish use or control, to quiet title or determine any interest, to avoid or set aside conveyances, to foreclose liens, to partition and to assert any mat-

---

1. Initially, we note that although Banjo moved for dismissal, the proper remedy for incorrect venue is not to dismiss the case, but to transfer it to the court where it should have been brought originally. *Hollingsworth v. Key Benefit Administrators, Inc.*, 658 N.E.2d 653, 655 (Ind.Ct.App. 1995), *trans. denied* (1996).

ters for which in rem relief is or would be proper. . . ."

(emphasis added). The trial court agreed and found that the Pembors had established preferred venue in Johnson County under T.R. 75(A)(2) because their complaint alleged that Bruce Pembor's clothing and equipment were damaged by the herbicide spray. Therefore, the Pembors' claim was one for injury to chattels and preferred venue lied in the place where Bruce Pembor's clothing and equipment were normally kept, Johnson County.

 Banjo contends that the Pembors' claim is essentially one for personal injury, with only incidental property damage. Thus, it maintains that T.R. 75(A)(2) cannot be used to establish preferred venue because the Pembor's claim does not "relate to" injury to chattels. While Banjo stipulated that Bruce Pembor's clothing and equipment were damaged in the accident, it contends that the addition of this claim to the Pembors' suit was purely a vehicle to obtain preferred venue in the Pembors' county of residence.

In *Grove v. Thomas*, 446 N.E.2d 641 (Ind. Ct.App.1983), this court determined that T.R. 75(A)(2) was unambiguous and clear on its face. While this conclusion has been subject to some criticism, the application of the rule in that case has not.[2] In *Grove*, the plaintiffs lived in Cass County. They were involved in two auto accidents with two different defendants, See and Grove, in one day. They filed an action against both defendants in Cass County, although See lived in Fulton County, where the first accident occurred, and Grove lived in St. Joseph County where the second accident took place. Grove claimed that Cass County was an incorrect venue. This court disagreed, noting that under T.R. 75(A)(2), if a claim involves injury to chattels, the county where the chattel is normally kept is a preferred venue. In this case, the Thomas' vehicle that was involved in both accidents was kept in Cass County. Therefore, Cass County was a preferred venue. *Id.*

Here, although Banjo questions the Pembors' motivation in adding the claim for the damage to Bruce Pembor's clothing and equipment, it stipulated that the items were damaged in the incident. Based on the plain language of T.R. 75(A)(2), which establishes that preferred venue lies in the county in which the chattels are kept if the claim relates to injury to chattels, we hold that the Pembors established Johnson County as a preferred venue. We decline Banjo's invitation to read the venue provision more narrowly. *See Diesel Construction*, 634 N.E.2d at 1353–54 (disapproving of earlier decisions interpreting Trial Rule 75(A)(2) more narrowly). The trial court did not err in denying Banjo's motion to dismiss.

Affirmed.

DARDEN, J., and BROOK, J., concur.

---

**2.** *See Diesel Construction Co. v. Cotten*, 634 N.E.2d 1351, 1353 (Ind.Ct.App.1994) (cases "demonstrate that the rule is neither clear nor unambiguous," but no criticism of result in *Grove*).