Michael L. HALSEY, Appellant–
Defendant,

v.

Scott C. SMELTZER and, Carolyn
Smeltzer, Individually and as parents
of Lyndsey Smeltzer and Sarah Smelt-
zer, Appellees–Plaintiffs.

No. 20A03–9906–CV–237.

Court of Appeals of Indiana.

Jan. 28, 2000.

Scott L. Bunnell, Hunt Suedhoff, LLP,
Fort Wayne, Indiana, Attorney for Appel-
lant.

John D. Ulmer, Bodie J. Stegelmann, Yoder, Ainlay, Ulmer & Buckingham, LLP, Goshen, Indiana, Attorneys for Appellees.

## OPINION

BAKER, Judge

Appellant-defendant Michael L. Halsey brings an interlocutory appeal from the trial court's denial of his Motion to Transfer Venue in a case brought against him by appellees-plaintiffs Scott and Carolyn Smeltzer. Specifically, Halsey argues that the Smeltzers' claims for injuries to chattel are ancillary to their cause of action based upon an automobile collision, and that subsections of Trial Rule 75(A) regarding collisions and the defendant's residence should apply to determine that his home county is the preferred venue.

### FACTS

On January 17, 1998, Halsey was operating a motor vehicle on County Road 200 North in Noble County, his county of residence. Halsey disregarded a stop sign at the intersection of State Road 5 and County Road 200 North, causing a collision with a vehicle driven by Scott Smeltzer, who resides in Elkhart County. Scott's wife Carolyn sustained injuries in the collision.

Subsequently, the Smeltzers retained attorney John Ulmer to represent them in pursuing claims for personal injury and property damage against Halsey. Initial discussions between Ulmer and Halsey's insurance company, Meridian Mutual Insurance Company (Meridian), were directed at achieving settlement of the Smeltzers' claim for property damage. On February 13, 1998, Meridian and Ulmer reached agreement with regard to the value of the Smeltzers' vehicle, and concluded that the Smeltzers would receive the sum of $3,062.85. In addition, the Smeltzers received $540 for a rental car and $175 for the loss of items of Carolyn's clothing. Thus, on February 13, Meridian sent a check in the total amount of $3,777.85 to Ulmer. On March 1, 1999, the Smeltzers brought their complaint for personal injury, emotional stress, mental anguish and damage to chattels. In addition, settlement talks continued regarding the claims presented by the Smeltzers. On May 7, 1998, Ulmer wrote to Meridian regarding the claims of Carolyn Smeltzer, and included therein was a claim for loss of clothing items in the amount of $175. Further, the May 7 letter included for the first time claims for damage to other property including Scott's books, some cassette tapes, some children's books, and two car seats. Meridian informed Ulmer that compensation for Carolyn Smeltzer's clothing was included in the check issued in February. On March 22, 1999, Halsey brought his motion to transfer the case to the correct venue. On May 19, 1999, following a hearing, the trial court denied the motion to transfer the case to Noble County. Halsey now brings this interlocutory appeal.

### DISCUSSION AND DECISION

#### I. Standard of Review

When we review a trial court's order on a motion to dismiss for incorrect venue under T.R. 12(B)(3), our standard is abuse of discretion. *Banjo Corp. v. Pembor,* 715 N.E.2d 430, 431 (Ind.Ct.App. 1999). We will find an abuse of discretion if the trial court's decision is "clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law." *Id.*

#### II. Halsey's Claim

We note initially that Ind. Trial Rule 75(A) provides that: "Any case may be venued, commenced, and decided in any court in any county ..." except that, upon a motion, a court shall order a case transferred if the court finds that preferred venue lies in a county other than that in which the case was brought. T.R. 75(A) then provides criteria for preferred venue

in provisions (A)(1)-(9), each of which are equally preferred. *Banjo* at 431. T.R. 75(A)(1) designates preferred venue in "the county where the greater percentage of individual defendants included in the complaint resides, or ... where any individual defendant so named resides." T.R. 75(A)(2) provides that preferred venue can also be "the county where the land or some part thereof is located or the chattels or some part thereof are regularly located or kept, if the complaint includes a claim for injuries thereto or relating to such land or chattels." Finally, T.R. 75(A)(3) provides for preferred venue in "the county where the accident or collision occurred, if the complaint includes a claim for injuries related to the operation of a motor vehicle...."

Halsey contends that the primary claims of the Smeltzers' lawsuit are the personal injury claim of Carolyn and damage to their automobile, an issue which was already settled before the action was brought. Thus, he argues that his county of residence or the county in which the collision took place should be the preferred venue, relying upon T.R. 75(A)(1) and (A)(3). Furthermore, he maintains that the property damage claims were brought as a subterfuge to make the Smeltzers' home county a preferred venue under T.R. 75(A)(2). He urges this court to interpret the rule to mean that proper venue should depend upon the primary claims or subject of a cause of action. In addition, Halsey refers us to our most recent decision regarding change of venue, in which we noted that T.R. 75(A) is "neither clear nor unambiguous." *Diesel Constr. Co., Inc. v. Cotten,* 634 N.E.2d 1351, 1353 (Ind.Ct.App. 1994).[1]

We note that, in this case, Halsey is essentially requesting that we interpret the rule to mean that the trial court must assign priority among the criteria for preferred venue. We agree that such a priority system would eliminate some choices of preferred venue in a given case. We agree as well that we have found T.R. 75(A) to be ambiguous with regard to the language about causes which "relate to" land or chattel. *See Diesel,* 634 N.E.2d at 1354. However, Halsey wishes us to find the entire rule ambiguous because it does not prioritize the nine criteria for preferred venue, and that we cannot do.

Instead, we observe that procedural rules such as T.R. 75(A) have the force and effect of law and same binding force as a statute. *AgMax, Inc. v. Countrymark Co-op., Inc.,* 661 N.E.2d 1259, 1261 (Ind.Ct.App.1996). Accordingly, in interpreting the meaning of a procedural rule, it is appropriate to look to established principles of statutory construction. *Johnson v. State,* 708 N.E.2d 912, 915 (Ind.Ct. App.1999), *trans. denied.* In this instance, we must observe the cardinal rule of statutory construction, namely that "a statute clear and unambiguous on its face need not and cannot be interpreted by the court." *Grove v. Thomas,* 446 N.E.2d 641, 643 (Ind.Ct.App.1983).

T.R. 75(A) unambiguously allows for a case to be brought in the county where chattel are regularly kept when a claim or part of a claim is for injury to chattel.[2] *See id.* at 643 (where vehicle is involved in collisions in two counties on same day, plaintiff may bring action in the county where vehicle is kept). No language in the rule attempts to establish any priority among the nine criteria for pre-

---

1. In *Diesel,* we ruled that if the trial court finds that "a sufficient nexus exists between the land and the underlying action," that would be sufficient to establish that the claim was "related to the land" for purposes of T.R. 75(A)(2). *Diesel,* 634 N.E.2d at 1354. However, we note that neither in *Diesel* nor in any other case have we questioned the meaning of "injury" to land or chattel, T.R. 75(A)(2), or

its validity as a criterion in determining preferred venue.

2. We are not at liberty to ignore the strict letter of T.R. 75. If there is to be a prioritization between the several possible preferred venues listed therein, such revision of the rule should be articulated by the Supreme Court.

ferred venue. Indeed, the rule begins with broad language which suggests an intent to permit a variety of counties as acceptable venues in a given case: "Any case may be venued ... in any court in any county...." T.R. 75(A). We conclude that the trial court did not err in interpreting T.R. 75(A) such that a case involving injury to chattels could be brought in the county where the chattel were kept.

Finally, with regard to Halsey's assertion that the Smeltzers' claims for injury to chattel are basically a subterfuge designed to permit their home county to be a preferred venue, we note that in *Banjo*, the same assertion was made against appellee-plaintiff Pembor, who brought a case in his county of residence for personal injury and damage to chattel after being accidentally sprayed with herbicide. In that case, we found that the trial court properly determined that Pembor's county of residence was a preferred venue because injury to chattels was part of his claim and the chattels were kept in that county. *Banjo*, 715 N.E.2d at 432. For all of the above reasons we find that the trial court did not err in denying Halsey's motion to transfer venue.

Judgment affirmed.

SULLIVAN, J., concurs.

STATON, J., dissents with opinion.

**STATON, Judge, dissenting**

I dissent because the procedural scales of justice have been tipped in the wrong direction. Significant litigation in the present dispute has been relegated to a position not contemplated by Rule 75. The literal obedience to (A)(2) ignores the spirit and purpose of Rule 75 which is to promote convenient and speedy justice.

The roots of this dispute are buried in the operation of a motor vehicle. A collision or accident of two vehicles occurring in Noble County. Smeltzer settled for the damage to his car, for the rental car he had used, and for the loss of Carolyn's clothing. Later, the Smeltzers filed a complaint for personal injury and emotional stress, mental anguish and damage to chattels. The chattels were books, some cassette tapes, children's books, and two car seats. The damage alleged in the complaint all relate back to the collision or accident in Noble county. By a play on expression in (A)(2) "injuries ... relating ... to such chattels," the Majority completely ignores (A)(1) and (3). The clear purpose and spirit of Rule 75 has been cast aside and relegated to a feeble explanation that literal obedience must prevail even in the face of good reasoning to the contrary. The preferred venue is in Noble County where the collision occurred, where the alleged injury occurred and where the damage to the chattels occurred.