827 N.E.2d 158 (2005)
MONROE GUARANTY INSURANCE COMPANY, an Indiana corporation, individually and as a member of the FCCI Insurance Group, and the FCCI Insurance Group, a foreign corporation, partnership or other business association, Appellants-Defendants,
v.
Christopher BERRIER, as assignee of Reliable Development Corp., an Indiana corporation, Appellee-Plaintiff.
No. 64A05-0412-CV-659.
Court of Appeals of Indiana.
May 13, 2005.
*159 Julia Blackwell Gelinas, David T. Kasper, Lucy R. Dollens, Locke Reynolds LLP, Indianapolis, IN, Attorneys for Appellants.
Kenneth J. Allen, Michael T. Terwilliger, William Lazarus, Kenneth J. Allen & Associates, P.C., Valparaiso, IN, Attorneys for Appellee.

OPINION
BAILEY, Judge.

Case Summary
Appellants-Defendants Monroe Guaranty Insurance Company, individually and as a member of FCCI Insurance Group, and FCCI Insurance Group (collectively "MGIC") brought this interlocutory appeal of the trial court's order denying MGIC's motion to transfer venue. We affirm.

Issue
MGIC raises one issue, which we restate as whether the trial court abused its discretion by denying MGIC's motion for change of venue because Porter County was a preferred venue under Indiana Trial Rule 75(A)(2).

Facts and Procedural History
On April 23, 2003, the Porter County Superior Court entered judgment on a jury verdict in the amount of $8.1 million in favor of Plaintiff-Appellee Chris Berrier ("Berrier"). Berrier had sued Reliable Development Corporation ("RDC") for injuries sustained at a health club owned and operated by RDC, and insured by MGIC. Because the damage award exceeded RDC's one million dollar insurance limit, RDC assigned Berrier any claims against MGIC.
On August 30, 2004, Berrier sued MGIC in Porter Superior Court, alleging bad faith in MGIC's failure to settle the prior litigation. MGIC filed a motion to dismiss or in the alternative, a motion to transfer venue. MGIC asserted that preferred venue was Hamilton County, the principal office of MGIC. Berrier responded to MGIC's motion, arguing that under Indiana Trial Rule 75(A)(2), Porter County was also a preferred venue because its complaint against MGIC related to chattel located or kept in Porter County, i.e., the Porter County Superior Court's judgment. The trial court agreed with Berrier, and denied MGIC's motion to transfer venue. MGIC initiated this interlocutory appeal as a matter of right pursuant to Indiana Appellate Rule 14(A)(8).

Discussion and Decision

A. Standard of Review
We review a trial court's order under Indiana Trial Rule 75 for an abuse of discretion. Bostic v. House of James, Inc., 784 N.E.2d 509, 510-11 (Ind.Ct.App. 2003), trans. denied. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effects of the facts and circumstances before the court, or when the trial court has misinterpreted the law. Id. at 511.

*160 B. Analysis

Indiana Trial Rule 75 governs the venue requirements in Indiana. Under Rule 75(A):
Any case may be venued, commenced and decided in any court in any county, except, that upon the filing of a pleading or a motion to dismiss allowed by Rule 12(B)(3), the court, from allegations of the complaint or after hearing evidence thereon or considering affidavits or documentary evidence filed with the motion or in opposition to it, shall order the case transferred to a county or court selected by the party first properly filing such motion or pleading if the court determines that the county or court where the action was filed does not meet preferred venue requirements or is not authorized to decide the case and that the court or county selected has preferred venue and is authorized to decide the case.
Preferred venue is determined in accordance with the criteria listed in Rule 75(A)(1) through (9). It is possible that more than one county may be a county of preferred venue. Meridian Mutual Ins. Co. v. Harter, 671 N.E.2d 861, 862 (Ind. 1996). Rule 75(A) creates no preference among these subsections, and thus, if suit is initially filed in a county of preferred venue, a trial court may not transfer venue. Bostic, 784 N.E.2d at 511.
MGIC argues that Porter County is not a county of preferred venue. MGIC contends that Berrier's independent bad faith claim is too remote from the Porter County judgment to allow venue to lie in Porter County.
Indiana Trial Rule 75(A)(2) provides that preferred venue lies in:
the county where the land or some part thereof is located or the chattels or some part thereof are regularly located or kept, if the complaint includes a claim for injuries thereto or relating to such land or such chattels, including without limitation claims for recovery of possession or for injuries, to establish use or control, to quiet title or determine any interest, to avoid or set aside conveyances, to foreclose liens, to partition and to assert any matters for which in rem relief is or would be proper.
Thus, for preferred venue to lie in Porter County, we must conclude that Berrier's Porter County judgment is "chattel," that this chattel is located in Porter County, and Berrier's complaint includes a claim "relating to ... such chattels." See Bostic, 784 N.E.2d at 512.
In Bostic, the plaintiff filed suit in Hamilton County and the defendant moved to transfer venue to Howard County. We held that plaintiff's action to renew a judgment against the defendant was properly venued in Hamilton County under Rule 75(A)(2), finding that a judgment is a chattel located in the county of the court that issued the judgment, i.e., Hamilton County, and that the plaintiff's complaint to renew a judgment was sufficiently related to the underlying judgment. Id. at 512-13.
Here, MGIC does not dispute that Berrier's judgment against RDC is a chattel located in Porter County. MGIC focuses on the third factor, whether the current complaint is sufficiently related to the underlying judgment. MGIC argues that Bostic, relied on by the trial court, is not on point as Berrier's current complaint is independent from the underlying judgment. Further, MGIC argues that Berrier's complaint raises only a question of debt, which is an insufficient nexus to the underlying judgment.
The "relating to" language in Rule 75(A)(2) should be broadly interpreted. *161 Diesel Constr. Co. v. Cotten, 634 N.E.2d 1351, 1354 (Ind.Ct.App.1994). The proper test for a trial court to apply to determine whether a claim relates to chattel under Rule 75(A)(2) is whether a sufficient nexus exists between the chattel and the underlying action. Bostic, 784 N.E.2d at 513.
Our review of the cases cited by the parties and our own independent research reveals that the issue of whether an initial judgment has a sufficient nexus to a subsequent claim for failure to settle is one of first impression in Indiana. MGIC argues that Berrier's interpretation of Rule 75(A)(2) is contrary to the express language of Rule 75(A)(4), which creates a preferred venue in the county of principal residence of a defendant organization. Further, MGIC contends that a broad interpretation of Rule 75(A)(2) would "prejudicially result in defendants having to defend themselves in unduly burdensome venues. In such cases, for all bad faith failure to settle claims brought against insurers, corporate defendants will be forced to carry the undue burden of having to defend themselves in foreign counties." Appellant's Br. at 13.
We addressed similar concerns in Halsey v. Smeltzer, 722 N.E.2d 871 (Ind.Ct.App.2000), trans denied. In Halsey, Smeltzer, who had been in an automobile accident with Halsey, the defendant, filed suit against Halsey for personal injuries sustained and damage to some personal items that were in Smeltzer's vehicle at the time of the collision. Halsey moved to transfer venue from Smeltzer's home county, and the trial court denied the motion. On appeal, we determined that Rule 75 does not establish a priority among the criteria for preferred venue, and thus, although Smeltzer's claims were in a large part related to Smeltzer's personal injuries, Smeltzer established his home county as preferred venue because his claim for damages related to the injury to his chattels. Id. at 874-75. Further, we rejected the Halsey's argument that the claim for damaged chattels was merely a subterfuge to avoid other Rule 75 criteria that would establish venue in the county where the accident occurred or where the defendant resided. Id. at 875.
We view MGIC's argument as a request to prioritize preferred venue under Rule 75(A)(4) over Rule 75(A)(2). This we cannot do. Instead, we analyze procedural rules such as Rule 75 by looking to established principles of statutory construction, of which the cardinal rule is that a procedural rule that is clear and unambiguous on its face "`need not and cannot be interpreted by the court.'" Halsey, 722 N.E.2d at 873 (quoting Grove v. Thomas, 446 N.E.2d 641, 643 (Ind.Ct.App.1983)).
In the present case, we note that actual damages are an essential element of a claim against an insurer for failure to settle. Allstate Ins. Co. v. Axsom, 696 N.E.2d 482, 485 (Ind.Ct.App.1998), trans. denied. The excess liability constitutes the actual damages in a failure to settle case. Id. Hence, the underlying judgment is essential to demonstrating the actual damages sustained, and thus, the current action relates to the chattel under the clear and unambiguous language of Rule 75(A)(2). Accordingly, the trial court did not abuse its discretion in denying MGIC's motion to transfer venue.[1]
Affirmed.
FRIEDLANDER, J., and ROBB, J., concur.
NOTES
[1] Berrier requests an award of attorney fees under Trial Rule 75 for what he considers to be a frivolous motion to change venue. However, Rule 75 only authorizes an award of attorney fees against the party that initially filed an action in an improper venue. See Ind. R. Tr. Proc. 75(B)(3), (C). Under Appellate Rule 66(E), "The Court may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith." Although MGIC's argument did not carry the day, we cannot say MGIC's appeal was frivolous or in bad faith. Accordingly, we deny Berrier's request for attorney fees.