**Donna SWIFT, Appellant–Plaintiff,**

**v.**

**Daniel J. PIRNAT, Appellee–Defendant.**

**No. 84A04–0412–CV–677.**

Court of Appeals of Indiana.

June 3, 2005.

James O. McDonald, Everett, Everett, & McDonald, Terre Haute, IN, Attorney for Appellant.

Todd C. Barsumian, Kristi Prutow Cirignano, Robin Michelle Evernham, Kahn, Dees, Donovan, & Kahn, LLP, Evansville, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Plaintiff, Donna Swift (Swift), appeals the trial court's Order granting Appellee–Defendant, Daniel J. Pirnat's (Pirnat) Motion for Change of Venue.

We reverse.[1]

*ISSUE*

Swift raises one issue on appeal: whether the trial court abused its discretion when it transferred venue to the county where an automobile collision occurred and Pirnat resides, when Swift's complaint alleged damages to chattels which were regularly situated in another county.

*FACTS AND PROCEDURAL HISTORY*

On October 31, 2003, Swift, a resident of Vigo County, was operating her vehicle in Vanderburgh County when the rear of her vehicle was struck by Pirnat's vehicle. As a result of the collision, Swift suffered temporary and permanent injuries to her neck and lower back. On September 21, 2004, Swift filed a negligence claim against Pirnat, a resident of Vanderburgh County, in the Vigo Superior Court. Swift sought damages for medical expenses, lost wages, and "chattels which are regularly situated in Vigo County...." (Appellant's App. p. 6).

On November 19, 2004, Pirnat filed a motion for change of venue from Vigo County to Vanderburgh County. Specifically, Pirnat alleged that because the accident occurred in Vanderburgh County, which is also his county of residence, venue should lie in Vanderburgh County. Pirnat further alleged that Swift had failed to include in her complaint a basis for establishing preferred venue in Vigo County. In response, Swift claimed that she had established preferred venue under Trial Rule 75(A)(2) by alleging damage to certain chattels, which were "regularly kept and stored in Vigo County...." (Appellant's App. p. 15–16). The trial court granted Pirnat's motion and ordered that venue be transferred to Vanderburgh County.

---

1. We hereby deny Pirnat's motion for oral argument.

On December 13, 2004, Swift appealed. Before the parties submitted their appellate briefs, they entered into the following Agreed Statement of Evidence concerning the chattels for which Swift was claiming damages:

1. Plaintiff, Donna Swift, was fully compensated for any and all property damage to her vehicle arising out of the accident ... prior to filing suit in this case; and

2. Plaintiff, Donna Swift, claims she suffered "damage to a Sony 4–channel court tape recorder which she utilizes in her business as a court reporter that was not a fixture in the vehicle, but which was located in her vehicle at the time of the accident...." Plaintiff has not been compensated for any such alleged damages. *This tape recorder is the only "chattel" or property for which Plaintiff seeks to recover damages in this lawsuit.*

(Appellant's App. p. 22) (emphasis supplied).

### DISCUSSION AND DECISION

■ Swift contends that the trial court erred when it transferred venue from Vigo County, her county of residence, to Vanderburgh County, where the accident occurred. Specifically, Swift contends that she had established preferred venue in Vigo County under Trial Rule 75(A)(2) by including in her complaint a claim for injury to chattels, which were regularly located or kept in Vigo County.

■ Trial Rule 75 discusses preferred venue requirements and reads in relevant part as follows:

Rule 75. Venue requirements.

(A) Venue. Any case may be venued, commenced and decided in any court in any county, except, that upon the filing of a pleading or a motion to dismiss allowed by Rule 12(B)(3), the court, from allegations of the complaint or after hearing evidence thereon or considering affidavits or documentary evidence filed with the motion or in opposition to it, shall order the case transferred to a county or court selected by the party first properly filing such motion or pleading if the court determines that the county or court where the action was filed does not meet preferred venue requirements or is not authorized to decide the case and that the court or county selected has preferred venue and is authorized to decide the case. Preferred venue lies in:

(1) the county where the greater percentage of individual defendants included in the complaint resides, or, if there is no such greater percentage, the place where any individual defendant so named resides; or

(2) *the county where* the land or some part thereof is located or *the chattels or some part thereof are regularly located or kept, if the complaint includes a claim for injuries thereto or relating to* such land or *such chattels,* including without limitation claims for recovery of possession or for injuries, to establish use or control, to quiet title or determine any interest, to avoid or set aside conveyances, to foreclose liens, to partition and to assert any matters for which in rem relief is or would be proper; or

(3) the county where the accident or collision occurred, if the complaint includes a claim for injuries relating to the operation of a motor vehicle or a vehicle on railroad, street or interurban tracks; or

\* \* \*

(B) Claim or proceeding filed in improper court.

(1) Whenever a claim or proceeding is filed which should properly have been filed in another court of this state, and proper objection is made, the court in which such action is filed shall not then dismiss the action, but shall order the action transferred to the court in which it should have been filed.

\* \* \*

Ind. Trial Rule 75(A), (B) (emphasis supplied). Although preferred venue may be established in more than one county, a plaintiff may bring her case "in any county meeting the criteria listed in Trial Rule 75(A)(1)-(9)...." *Grove v. Thomas*, 446 N.E.2d 641, 642 (Ind.Ct.App.1983). Therefore, once an action is filed in a county of preferred venue, a motion to change venue should not be granted. *Id.* On appeal, this court reviews the trial court's decision on a motion for change of venue for an abuse of discretion. *Halsey v. Smeltzer*, 722 N.E.2d 871, 872 (Ind.Ct. App.2000), *trans. denied.* We will reverse only if the court's decision is "clearly against the logic and effect of the facts and circumstances ... or when the trial court has misinterpreted the law." *Banjo Corp. v. Pembor*, 715 N.E.2d 430, 431 (Ind.Ct. App.1999).

Several decisions have considered the venue requirements of Subsection (A)(2). However, we find two particularly relevant. In *Grove v. Thomas*, the plaintiffs filed an action in Cass County to recover expenses for personal injury and property damage, resulting from separate automobile accidents against two different defendants. *Grove*, 446 N.E.2d at 641–42. One of the defendants filed a motion to transfer the action to her county of residence where one of the automobile collisions occurred. *Id.* at 642. The trial court denied her motion and she appealed. *Id.*

On appeal, this court examined Subsection (A)(2) and found that it unambiguously "makes the county in which chattels are regularly located or kept a county of preferred venue when the complaint includes a claim for injuries to those chattels." *Id.* at 643. The court then concluded that because the complaint included a claim for damages to the automobile, which was regularly located in Cass County, Cass County was a county of preferred venue. *Id.* at 642–43.

Several years later, a similar issue was raised in *Halsey v. Smeltzer.* There, the plaintiffs, like the plaintiffs in *Grove*, were involved in an automobile collision in one county, but filed their complaint for damages in their county of residence. *Halsey*, 722 N.E.2d at 872. The plaintiffs sought compensation for personal injury, emotional stress, mental anguish and damage to chattels. *Id.* However, unlike the plaintiffs in *Grove*, the plaintiffs in *Halsey* settled the damage claim for their vehicle and some clothing prior to trial. *Id.* Following the settlement, the plaintiffs had a remaining unresolved damage claim for additional chattels, such as books, cassette tapes, and two car seats. *Id.* Consequently, the trial court denied the defendant's motion to transfer venue to the county where the accident occurred. *Id.*

On appeal, the defendant urged this court to interpret Subsection (A)(2) to allow venue to be established in a county where a chattel is regularly kept only if the chattel is the "primary claim[ ]" or the "subject of a cause of action." *Id.* at 873. This court declined to adopt the defendant's interpretation, finding that the rule "unambiguously allows for a case to be brought in the county where chattel are regularly kept when a claim or part of a claim is for injury to chattel." *Id.* Thus, this court upheld the trial court's decision to allow venue to remain in the county

where the chattels were located, even though the plaintiffs had already been compensated for their vehicle.

In each of these cases, this court found that the clear and unambiguous language of Trial Rule 75(A)(2) allows preferred venue to be established in a county where a chattel is regularly located when the complaint includes a claim for injury to that chattel. Here, Swift's complaint alleged that, as a proximate cause of Pirnat's negligence, her "chattels[,] which are regularly situated in Vigo County, Indiana, were damaged or destroyed." (Appellant's App. p. 6–7). Because Swift's complaint included a claim for injury to chattel, which was regularly situated in Vigo County, Vigo County was established as a county of preferred venue.

Still, Pirnat maintains that while the courts in *Grove* and *Halsey* both found the language of Trial Rule 75(A)(2) to be clear and unambiguous, another panel of this court reached the opposite conclusion. *See Diesel Const. Co., Inc. v. Cotten,* 634 N.E.2d 1351 (Ind.Ct.App.1994). As Pirnat contends, in *Diesel,* this court also considered Subsection (A)(2), and noted that, contrary to our prior statement in *Grove,* Subsection (A)(2) was "neither clear nor unambiguous." *Id.* at 1353. To resolve the ambiguity, the *Diesel* court looked to the comments of the 1970 Civil Code Study Commission, which drafted the preferred venue rules. *Id.* at 1354. After finding that the drafters had intended a broad interpretation of Subsection (A)(2), the court developed a "nexus test" to deter-

mine whether preferred venue could be established. *Id.* Relying on the holding in *Diesel,* Pirnat contends that this court should find Subsection (A)(2) ambiguous, look to the drafter's comments to determine intent and apply the "nexus test" to ascertain if venue can be established under Subsection (A)(2).

While Subsection (A)(2) was discussed in *Diesel,* only a portion of the rule, that discussing claims relating to land or chattels, was found to be ambiguous. *Halsey,* 722 N.E.2d at 873. The language at issue in *Grove, Halsey,* and this case is based upon another part of Subsection (A)(2), which provides a separate basis for preferred venue when a complaint includes a claim for injuries to chattel. *See Grove,* 446 N.E.2d at 643; *Halsey,* 722 N.E.2d at 873. Thus, not only was the language, on which preferred venue was based in this case, not found ambiguous in *Diesel,* but to our knowledge, it has not been found ambiguous by any court. *See Halsey,* 722 N.E.2d at 873 n. 1 ("[W]e note that neither in *Diesel* nor in any other case have we questioned the meaning of 'injury' to land or chattel, T.R. 75(A)(2), or its validity as a criterion in determining preferred venue.").

For these reasons, we decline Pirnat's invitation to find that part of Subsection (A)(2) discussing claims alleging injury to chattel ambiguous. As a result, we neither consider the intent of the drafters nor apply the "nexus test" set forth in *Diesel.*[2] We further find the holding in *Grove* was not altered by this court's state-

---

2. In a related argument, Pirnat contends that allowing the action to remain in Vigo County violates the spirit and purpose of the venue rules which is to promote convenient and speedy justice. This court has recognized that the drafters may not have intended for venue to lie in a county where a chattel is located when the claim for injury to chattel is ancillary to the primary claim. *See Grove,*

446 N.E.2d at 643. However, this court is not permitted to read beyond the clear and unambiguous language of the rule. *Id; Halsey,* 722 N.E.2d at 873–74. Thus, any concern Pirnat has regarding the spirit and purpose of the rule must be addressed by the drafters and not this court. *Halsey,* 722 N.E.2d at 873 n. 2.

ment regarding Subsection (A)(2) in *Diesel*. *See Banjo*, 715 N.E.2d at 432 (noting that the holding in *Grove* has not been questioned, even though its broad statement concerning the ambiguity of Subsection (A)(2) has). Thus, we follow the holdings in *Grove* and *Halsey*, and conclude that because Swift alleged injury to chattels in her complaint, Subsection (A)(2) clearly and unambiguously allows preferred venue to lie in the county where the chattel is located. Because the chattel in this case was regularly located in Vigo County, the trial court abused its discretion when it granted Pirnat's Motion for Change of Venue and transferred the case from Vigo County to Vanderburgh County.[3]

### CONCLUSION

Based on the foregoing, we find that the trial court erred when it granted Pirnat's Motion for Change of Venue and transferred the case from Vigo County to Vanderburgh County.

Reversed and remanded for proceedings consistent with this opinion.

SULLIVAN, J., and NAJAM, J., concur.

---

3.  Swift requests that this court award her the filing fee for having to bring this appeal. Recovery of costs, such as filing fees, are governed by Appellate Rule 67(C) which allows an appellant to recover costs "[w]hen a judg-ment has been reversed in whole...." However, the rule requires a party to file a motion within sixty days of this court's decision. Ind. Appellate Rule 67(A).