DICKSON, Justice,
dissenting.
With today's decision, the majority reinterprets the clear language of this Court's rule in a manner contrary to thirty years of appellate precedent and established custom and practice of Indiana judges and lawyers. Such a major shift of policy, if warranted, should be undertaken by the rule amendment process, not by a judicial opinion in a single case.
The rule subsection at issue, Indiana Trial Rule 75(A)(2), expressly confers "preferred venue" status upon:
(2) the county where the land or some part thereof is located or the chattels or some part thereof are regularly located or kept, if the complaint includes a claim for injuries thereto or relating to such land or such chattels, including without limitation claims for recovery or possession or for injuries, to establish use or control, to quiet title or determine any interest, to avoid or set aside conveyances, to foreclose lens, to partition and to assert any matters for which in rem relief is or would be proper,....
Id. (emphasis added). The majority is correct to note the subsection's application to in rem actions, but today's decision appears to nullify the above-emphasized language of the subsection. By its express language, subsection (A)(2) is not restrict ed to in rem actions, but confers preferred venue status, without limitation, whenever a complaint even includes a claim for injuries to chattels.
By holding that the preferred venue status of the county where the plaintiff's damaged chattels are regularly located is to be ignored and by ordering the venue of this case transferred to the county where the accident occurred, the Court's decision today is contrary to Indiana Trial Rule 75(A) and represents a significant and unwarranted departure from clear precedent of this court and from long-standing case law from the Court of Appeals.
An uninterrupted line of cases has consistently held, as we did in Meridian Mut. Ins. Co. v. Harter, 671 N.E.2d 861 (Ind.1996), that:
Ind. Trial Rule 75(A) provides that an action may be filed in any county of preferred venue. Only if the court in which the action is commenced is not a county of preferred venue, may the case be transferred to a court of preferred venue meeting the criteria listed in TR. 75(A)(1)-(9). If plaintiffs properly file[ ] their complaint in a county of preferred venue, the trial court hals] no authority to transfer the case to a different county on preferred venue grounds.
Id. at 863.[1] This means simply that the criteria for preferred venue provided by *338 Rule 75(A) are of equal priority, with no hierarchy of preference among them.
Today's decision imposes a new and contrary approach, giving unprecedented preference for the county where the accident occurred under 75(A)(8) over the regular location of the chattel claimed to have been damaged under 75(A)(2). Without exception, numerous cases have held that an action in part embracing a claim for injury to a chattel may be maintained-under the clear and unambiguous language of Rule 75(A)(2)-in a county where the chattel is regularly located, expressly rejecting attempts to change venue to the county where the accident or tort occurred. Swift v. Pirnat, 828 N.E.2d 444, 448-49 (Ind.Ct.App.2005) (venue based on damage to tape recorder kept in vehicle at time of collision), trams. not sought; Phillips v. Scalf, 778 N.E.2d 480, 488 (Ind.Ct.App.2002) (venue based on location of intangible chattel right of publicity used elsewhere for commercial purposes), trans. not sought; Halsey v. Smeltzer, 722 N.E.2d 871, 873-74 (Ind.Ct.App.2000) (venue based on damage to clothing, books, and cassette tapes in vehicle at time of collision), trans. denied; Banjo Corp. v. Pembor, 715 N.E.2d 430, 432 (Ind.Ct.App.1999) (venue based on damage to clothing and equipment damaged when a herbicide valve malfune-tioned), trans. not sought; Grove v. Thomas, 446 N.E.2d 641, 642-48 (Ind.Ct.App.1983) (venue based on regular location of automobile damaged in collision), trams. denied.
A substantive rule change, especially one of the magnitude implemented by today's majority opinion, should not be undertaken in a single case opinion. To the contrary, Indiana Trial Rule 80 specifies the procedure for amending our trial rules, which involves seeking the recommendation of the Supreme Court Committee on Rules of Practice and Procedure after comment from the bench, bar, and public. Trial Rule 80(D) directs that this procedure "shall be followed" except "in case of an emergency or as otherwise directed by the Supreme Court." Id. In my view, an emergency does not exist, and it is unwarranted and unwise for this Court to "otherwise direct" that the express language and consistent long-standing precedent interpreting Trial Rule 75(A) be modified by opinion in this individual case.
For these reasons, I respectfully dissent.
RUCKER, J., concurs.

. Accord Monroe Guar. Ins. Co. v. Berrier, 827 N.E.2d 158, 161 (Ind.Ct.App.2005), trans. de *338 nied; Bostic v. House of James, Inc., 784 N.E.2d 509, 511 (Ind.Ct.App.2003), trans. denied; Halsey v. Smeltzer, 722 N.E.2d 871, 873-74 (Ind.Ct.App.2000), trans. denied; Shelton v. Wick, 715 N.E.2d 890, 893 (Ind.Ct.App.1999), trans. denied; Banjo Corp. v. Pembor, 715 N.E.2d 430, 431 (Ind.Ct.App.1999), trans. not sought; Pratt v. Pierce, 713 N.E.2d 312, 315 (Ind.Ct.App.1999), trans. not sought; Humphrey v. Christopher, 692 N.E.2d 932, 934 (Ind.Ct.App.1998), trans. not sought; Hootman v. Fin. Ctr. Fed. Credit Union, 462 N.E.2d 1064, 1066 n. 5 (Ind.Ct.App.1984), trans. not sought; Bd. of Comm'rs of Cass County v. Nevitt, 448 N.E.2d 333, 343 (Ind.Ct.App.1983), trans. denied.