**RANDOLPH COUNTY, Indiana, Appellant–Defendant,**

v.

**Leanne CHAMNESS, Appellee–Plaintiff.**

No. 18A02–0606–CV–493.

Court of Appeals of Indiana.

Jan. 12, 2007.

James S. Stephenson, Stephenson Morow & Semler, Indianapolis, IN, Attorney for Appellant.

Andrew P. Wirick, Hume Smith Geddes Green & Simmons, Indianapolis, IN, Attorney for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Randolph County, Indiana (Randolph County), brings this interlocutory appeal from the trial court's denial of Randolph County's motion to transfer venue. In particular, it argues that Randolph County is the preferred venue pursuant to the Indiana Trial Rules. Finding that the injury complained of by appellee-plaintiff Leanne Chamness occurred in Randolph, rather than Delaware, County, we reverse the judgment of the trial court and order it to grant the motion to transfer venue.

## FACTS

On April 2, 2004, Chamness, a resident of Randolph County, was a passenger in a vehicle involved in an accident near the line between Delaware and Randolph Counties. As the driver of the vehicle approached a curve in the road, the vehicle left the roadway in Randolph County and came to rest in Delaware County. When it crossed into Delaware County, the vehicle flipped end over end twice, ejecting both rear passengers. Chamness sustained serious injuries as a result of the accident.[1]

On January 26, 2006, Chamness filed a complaint against Randolph County, alleging that Randolph County failed to warn of a defective condition of the roadway and negligently failed to properly construct, maintain, and supervise the road and adjacent area. Although Chamness is a resident of Randolph County, which is the only named defendant in the complaint, she filed the complaint in the Delaware Circuit Court. On March 24, 2006, Randolph County filed a motion to dismiss or to transfer venue. Following a hearing, the trial court denied the motion on April 26, 2006, finding that the accident occurred in Delaware County and, consequently, Dela-

---

**1.** According to her complaint, Chamness suffered numerous broken bones, internal injuries, and a crushed pelvis.

ware is a county of preferred venue. Randolph County now appeals.

## DISCUSSION AND DECISION

 As we consider Randolph County's argument that the trial court improperly denied its motion, we observe that we review a trial court's denial of a motion to change venue for an abuse of discretion. *Halsey v. Smeltzer,* 722 N.E.2d 871, 872 (Ind.Ct.App.2000). An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or if the trial court has misinterpreted the law. *Id.*

 Pursuant to Indiana Trial Rule 75(A), "[a]ny case may be venued, commenced and decided in any court in any county...." Subsections one through ten of that rule set forth the criteria used to determine preferred venue, which may be established in more than one county. *Swift v. Pirnat,* 828 N.E.2d 444, 447 (Ind. Ct.App.2005). When a lawsuit is filed in a county that is not a preferred venue and the defendant files a motion seeking transfer to a preferred venue, the trial court must grant the motion. *Linky v. Midwest Midrange Sys., Inc.,* 799 N.E.2d 55, 57 (Ind.Ct.App.2003). Generally, however, once an action is filed in a county of preferred venue, a motion to change venue should not be granted.

The trial court concluded that Delaware County fit the criteria in Trial Rule 75(A)(3), which states in pertinent part that preferred venue lies in "the county where the accident or collision occurred, if the complaint includes a claim for injuries relating to the operation of a motor vehicle...." Chamness argues, and the trial court agreed, that the fact that she sustained all of her injuries in Delaware County means that the accident or collision occurred there, rendering that county a preferred venue.

The gravamen of Chamness's complaint is that Randolph County acted negligently by failing to properly construct, maintain, and supervise a road *in Randolph County* and by failing to warn motorists of the allegedly defective condition of that road *in Randolph County.* Thus, according to the complaint itself, the tortious conduct occurred in Randolph County, notwithstanding the fact that Chamness sustained her injuries in Delaware County.

A plaintiff bringing a tort claim sues based upon tortious conduct that results in injuries or damages. The first, dominant, and crucial part of the equation is the tortious conduct itself. Here, the complained-of conduct occurred in Randolph, rather than Delaware, County. In this context, "the county where the accident or collision occurred" must be interpreted to mean the county in which the tort—e.g., the tortious conduct—occurred. T.R. 75(A)(3). Here, that is Randolph County, meaning that Delaware is not a county of preferred venue.[2]

The judgment of the trial court is reversed and remanded with instructions to grant Randolph County's motion to transfer venue.

---

2. Chamness correctly points out that after the trial court grants Randolph County's motion, she will be entitled to an automatic change of venue "upon a showing that the county where suit is pending is a party...." Ind. Trial Rule 76(A). If the parties fail to agree on an alternate venue, however, the trial court will prepare a list of adjoining counties from which each party would have the opportunity to strike until only one county remains. T.R. 76(D). Therefore, even if it is true that Randolph County does not expect to litigate this case in Randolph County, ordering the trial court to grant Randolph County's motion will, at the least, give Randolph County a deserved modicum of control over the venue in which the litigation will proceed.

VAIDIK, J., concurs.

CRONE, J., dissents with opinion.

CRONE, Judge, dissenting.

I respectfully dissent. I cannot agree with the majority's determination that the phrase "accident or collision" in Trial Rule 75(A)(3) can only mean "tortious conduct" in the context of this case. The plain language of the rule simply does not lend itself to such an interpretation.

"Accident" is commonly defined as "[a]n unexpected and undesirable event, especially one resulting in damage or harm[.]" AMERICAN HERITAGE DICTIONARY (4th ed.2000), available at *http://dictionary. reference.com/browse/accident* (last visited Nov. 3, 2006). In my view, this term could logically encompass not only the driver's act of leaving the roadway, which occurred in Randolph County, but also—or rather—the flipping of the vehicle and the ejection of Chamness, both of which occurred in Delaware County. In fact, there can be no tort here without damages. Therefore, I conclude that the trial court would have been within its discretion if it had found that the accident occurred in Delaware County.[3]

As for the location of the "collision" for purposes of determining venue under Indiana Trial Rule 75(A)(3), Chamness contends that the car was "airborne" after leaving the Randolph County roadway and that it collided with the ground in Delaware County. Randolph County characterizes this incident as "simply a vehicle rolling on the ground" and claims that it does not amount to a collision. Appellant's Br. at 3. I think that Randolph County's definition of "collision" is overly strict, however.

"Collide" is commonly defined as "[t]o come together with violent, direct impact." THE AMERICAN HERITAGE DICTIONARY (4th ed.2000), available at http://dictionary. reference.com/browse/accident (last visited Nov. 3, 2006). It is true that the accident report does not specifically state that the car was in the air at any time during this incident. The report does indicate, however, that "[the driver] drove straight off into the ditch. The vehicle then traveled into a muddy field which caused it to begin to flip end over end. The vehicle rolled at least twice ejecting both rear passengers as it rolled." Appellant's App. at 39. The reporting officer also drew a diagram showing two distinct imprints of the top of the vehicle in the Delaware County ground, apparently made as the vehicle flipped prior to coming to rest on its tires. Whether the vehicle was literally airborne is irrelevant here, as it is obvious that it collided with the ground in Delaware County at least twice with a force of impact hard enough to leave an imprint and hard enough to cause Chamness to be ejected and injured. This set of facts satisfies the "collision" requirement in Indiana Trial Rule 75(A)(3).

For the reasons stated above, I conclude that Delaware County is a preferred venue in this case. Therefore, I would affirm the trial court's denial of Randolph County's motion to transfer venue.

---

**3.** In denying Randolph County's motion to transfer venue, the trial court did not indicate its reasoning for the decision, *i.e.* whether it found that the "accident" or the "collision" or both occurred in Delaware County.