

**FILED**

Feb 09 2018, 8:53 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Duran L. Keller
Keller Law
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Michael R. Bain
Lauren M. Hardesty
Hume Smith Geddes Green &
Simmons, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kelly Bagsby and Aaron Bagsby, *Appellants-Plaintiffs,* <br><br> v. <br><br> Riley T. Snedeker, *Appellee-Defendant.* | February 9, 2018 <br><br> Court of Appeals Case No. 79A02-1706-CT-1315 <br><br> Appeal from the Tippecanoe Circuit Court <br><br> The Honorable Thomas H. Busch, Judge <br><br> Trial Court Cause No. 79C01-1702-CT-30 |

**Mathias, Judge.**

[1] Kelly and Aaron Basgby (the "Bagsbys") appeal from the Tippecanoe Circuit Court's order granting Riley T. Snedeker's ("Snedeker") motion to transfer venue.

[2] We affirm.

# Facts and Procedural History

[3] On January 23, 2017, Snedeker allegedly shot and killed the Bagsbys' dog in Warren County, Indiana. At the time, Snedeker and the Bagsbys were neighbors in Pine Village, Indiana which is located in Warren County. After the alleged shooting, the Bagsbys took their dog for a necropsy to the Animal Disease Diagnostic Laboratory in Tippecanoe County. After the necropsy, the Bagsbys filed a complaint against Snedeker in Tippecanoe County on February 24 for conversion, intentional infliction of emotional distress, negligent infliction of emotional distress, trespass to chattel, and negligence.

[4] On April 17, Snedeker filed a motion to correct venue and transfer the action to Warren County under Indiana Trial Rules 12(B)(3) and 75(A). On May 23, the trial court held a hearing on Snedeker's motion. Three days later the trial court granted the motion and explained:

> In this case, everything about the case up to and including the incident which gave rise to the Complaint occurred in and was located in Warren County and had no connection to Tippecanoe County. Only because plaintiffs chose a particular pathologist to examine the remains of the dog and to retain the body of the dog does Tippecanoe County have any connection to the case at all. The dog at issue was regularly kept in Warren County until it was killed in the incident which gave rise to the Complaint. The Court finds that whatever happened to it afterwards is immaterial to venue.

Appellants' App. p. 36. The Bagsbys now bring this interlocutory appeal as a matter of right under Indiana Appellate Rule 14(A)(8). Additional facts will be provided as necessary.

## Discussion and Decision

The Bagsbys contend that the trial court erred in granting Snedeker's motion to transfer venue from Tippecanoe County to Warren County because they assert Tippecanoe County is a preferred venue. We review a trial court's ruling on a motion to transfer venue for an abuse of discretion. *Muneer v. Muneer*, 951 N.E.2d 241, 243 (Ind. Ct. App. 2011). "An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of facts and circumstances before the trial court, or when the trial court has misinterpreted the law." *Id.* A trial court's factual findings linked to a motion to change venue are reviewed for clear error, and its rulings of law are reviewed de novo. *Belcher v. Kroczek*, 13 N.E.3d 448, 451 (Ind. Ct. App. 2014). Factual findings are clearly erroneous when the record lacks any evidence or reasonable inferences to support them. *Id.*

Our supreme court has explained:

> Trial Rule 75 governs venue requirements in Indiana. It contains ten subsections, each setting forth criteria establishing "preferred" venue. A case or complaint may be filed in any county in Indiana, but if the complaint is not filed in a preferred venue, the court is required to transfer the case to a preferred venue upon the proper request from a party. T.R. 75(A). The rule does not create a priority among the subsections establishing preferred venue. If the complaint is filed in a county of preferred venue,

then the trial court has no authority to transfer the case based solely on preferred venue in one or more other counties.

*Am. Family Ins. Co. v. Ford Motor Co.*, 857 N.E.2d 971, 973–74 (Ind. 2006) (citations omitted). The relevant portion of Trial Rule 75(A) reads:

> Any case may be venued, commenced and decided in any court in any county, except, that upon the filing of a pleading or a motion to dismiss allowed by Rule 12(B)(3), the court, from allegations of the complaint or after hearing evidence thereon or considering affidavits or documentary evidence filed with the motion or in opposition to it, shall order the case transferred to a county or court selected by the party first properly filing such motion or pleading if the court determines that the county or court where the action was filed does not meet preferred venue requirements or is not authorized to decide the case and that the court or county selected has preferred venue and is authorized to decide the case. Preferred venue lies in:
>
> ***
>
> (2) the county where the land or some part thereof is located or the chattels[1] or some part thereof are regularly located or kept, if the complaint includes a claim for injuries thereto or relating to such land or such chattels . . . .

[7] The Bagsbys argue that Tippecanoe County is a preferred venue under Trial Rule 75(A)(2) because the chattel at issue is the Bagsbys' dog which is located

---

[1] A dog is personal property, *Lachenman v. Stice*, 838 N.E.2d 451, 467 (Ind. Ct. App. 2005), *trans. denied*, and thus falls within the definition of a chattel for purposes of Trial Rule 75(A)(2). *See* Black's Law Dictionary (10th ed. 2014).

in Tippecanoe County, and the Bagsbys intend to bury the dog in Tippecanoe County where they own a home. As the Bagsbys note, the issue before us is whether Tippecanoe Circuit Court is a court of preferred venue under Trial Rule 75. Both parties cite to the same two cases to support their respective positions.

[8] In *R & D Transport, Inc. v. A.H.*, 859 N.E.2d 332, 337 (Ind. 2006), our supreme court found that the trial court erred in denying the defendant's motion to change venue. In that case, an R & D Transport, Inc. ("R & D") employee was driving a tractor-trailer when it collided with a vehicle in which A.H. was the passenger. The accident occurred in Dearborn County, the employee's residence and R & D's principal place of business was in Hendricks County, and A.H. lived in Porter County. A.H.'s mother filed suit in Porter County because the accident resulted in the loss of several of A.H.'s medical and personal possessions which were regularly located in Porter County. R & D sought to have the case transferred to either Dearborn County or Hendricks County. The trial court denied the motion, and R & D appealed.

[9] On appeal, our supreme court held the trial court erred, and that Porter County was *not* a county of preferred venue. *Id.* In reaching its conclusion, the court examined two cases from this court, factually similar to the case before us, and determined that they were wrongly decided. *Id.* at 334. First, in *Swift v. Pirnat*, 828 N.E.2d 444 (Ind. Ct. App. 2005), the plaintiff suffered injuries in an automobile accident in Vanderburgh County. However, a tape recorder was

damaged in the accident that the plaintiff used for work in Vigo County. A panel of this court found that Vigo County was a preferred venue. *Id.* at 448. The *Swift* court noted "that because [plaintiff] alleged injury to chattels in her complaint, Subsection (A)(2) clearly and unambiguously allows preferred venue to lie in the county where the chattel is located." *Id.* at 449.

[10]   And second, in *Halsey v. Smeltzer*, 722 N.E.2d 871 (Ind. Ct. App. 2000), *trans. denied*, plaintiffs were involved in an automobile accident in Noble County. In addition to personal injuries, certain personal effects were also damaged. A panel of this court found that the plaintiffs' home county was a preferred venue and that "the trial court did not err in interpreting T.R. 75(A) such that a case involving injury to chattels could be brought in the county where the chattels were kept." *Id.* at 874.

[11]   The *R & D Transport* court found that *Swift* and *Halsey* were wrongly decided for three reasons. 859 N.E.2d at 334. The first reason, which is most pertinent to the case before us, is that "the focus of T.R. 75(A)(2) is the location of the property or activity that gives rise to a claim." *Id.* Our supreme court then explained that when Trial Rule 75(A)(2) was amended to include chattels, this "signified a broadened understanding of what kind of property might be important to determining venue, but . . . the significance of real or personal property's *location* [is] the most important factor." *Id.* at 335 (emphasis in original). Therefore, the court found that Porter County was not a preferred venue under Trial Rule 75(A)(2) because the location where the plaintiff kept

certain chattels "played no role in the accident itself or in the claims of the lawsuit she filed." *Id.*

[12] The second case cited by both parties is this court's decision in *Gulf Stream Coach, Inc. v. Cronin*, 903 N.E.2d 109 (Ind. Ct. App. 2009). In that case, a Pennsylvania family, the Cronins, purchased a Gulf Stream RV in Florida. The RV's owner manual stipulated that any lawsuit related to the mobile home needed to be filed in Indiana. Within months, the Cronins began having several problems with the RV eventually leading to a mold and mildew problem that made it uninhabitable. The Cronins contacted an Indiana attorney, and the RV sat in a lot near the attorney's office in Madison County for seven months before the Cronins filed suit against Gulf Stream. Gulf Stream asserted that Madison County was not a preferred venue and moved to transfer venue to Elkhart County where its principal office is located. The trial court denied Gulf Stream's motion stating in relevant part, "The motor home was regularly kept in Madison County for several months prior to the filing of suit, and it continues to be kept there." *Id.* at 111.

[13] On appeal, a panel of this court determined that the Cronins moved the RV to Madison County in anticipation of litigation. *Id.* at 113. We then held, "when a party moves a chattel to a county . . . solely for purposes of litigation, that county does not become the county where the chattel is 'regularly located and kept' under Rule 75(A)(2) and therefore is not a preferred venue under Rule 75." *Id.*

[14] The Bagsbys distinguish the case before us from both *R & D Transport* and *Gulf Stream.* They assert that *R & D Transport* is different because it involved an automobile accident. And *Gulf Stream* is inapplicable because the Bagsbys did not take their dog to Tippecanoe in anticipation of litigation, but rather, because it is where they wanted the dog to have a necropsy, where they would bury the dog, and because they own real property there. Snedeker contends that under our supreme court's decision in *R & D Transport*, the trial court did not abuse its discretion here because "Tippecanoe County played no role in the actual incident giving rise to the lawsuit, and the actual incident took place in Warren County." Appellee's Br. at 7. Snedeker also maintains that "*Gulf Stream* is applicable to cases where the parties disagree over the location the chattel was 'regularly located or kept.'" *Id.* at 8. We agree with Snedeker.

[15] Our supreme court expressly rejected the argument asserted by the Bagsbys here when it determined *Swift* and *Halsey* were wrongly decided. *R & D Transp., Inc.*, 859 N.E.2d at 334. It is immaterial that *Swift*, *Halsey*, and *R & D Transport* all concerned automobile accidents. The findings that the *R & D Transport* court disapproved of in *Swift* and *Halsey*, with respect to venue and pertinent to the case before us, were in regard to the location of the chattels. *R & D Transp., Inc.*, 859 N.E.2d at 334–35. Both Snedeker and the Bagsbys lived in Warren County when the dog was allegedly shot. Further, the dog lived in and was allegedly shot in Warren County. And the Bagsbys' entire complaint is based on the incident in Warren County. *See id.* at 335.

Moreover, the current location of the dog in Tippecanoe County played no role in the alleged shooting or any of the claims in the lawsuit. *Cf. Surfware, Inc. v. Allied Specialty Precision, Inc.*, 876 N.E.2d 1156, 1160 (Ind. Ct. App. 2007) (finding a county of preferred venue in a county where the accident and resulting damages occurred). Our court in *Gulf Stream* found venue improper in Madison County even though the RV had been sitting there for several months. 903 N.E.2d at 113. The court noted that if Madison County was a preferred venue, then "[a]n Indiana resident in one county who wanted to file a claim relating to a chattel could establish preferred venue anywhere in the state by moving the chattel to a different county." *Id*. We acknowledge that the primary reason for the court's decision in *Gulf Stream* was that the RV was moved in anticipation of ligation, and we make no judgment here as to whether or not the Bagsbys moved their dog to Tippecanoe County in anticipation of litigation.[2] However, this difference does not dilute our court's concern in *Gulf Stream* regarding forum shopping that we find particularly applicable here.

If we were to hold that Tippecanoe is a preferred county under Indiana Trial Rule 75(A)(2), then as the trial court aptly stated, "any plaintiff could move [a] chattel to a favorable venue and assert he did so for a non-litigation reason. This would require conducting an evidentiary hearing as to the plaintiff's motivation in every case." Appellants' App. p. 36. We share the concern expressed by the

---

[2] Snedeker does not argue that the Bagsbys moved the dog in anticipation of litigation. Appellee's Br. at 7 n.1.

trial court. Such a holding would go against the spirit and intent of the preferred venue rules, and we decline to do so. *See Randolph County v. Chamness*, 879 N.E.2d 555, 557 (Ind. 2008). Therefore, Tippecanoe is not a preferred county, and the trial court did not err when it granted transfer to Warren County.

## Conclusion

[18] Based on the facts and circumstances before us, we find that the trial court did not abuse its discretion when it granted Snedeker's motion to transfer venue to Warren County. Accordingly, we affirm.

Najam, J., and Barnes, J., concur.